Lolethia Leverne HILL, a/k/a Lolethia Laverne Hill, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–96–112–CR.

Court of Appeals of Texas, Waco.

Aug. 30, 1996.

Rehearing Overruled Oct. 9, 1996.

Phil Robertson, Robertson & Robertson, Clifton, for appellant.

Andy J. McMullen, District Attorney, Hamilton, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## MEMORANDUM OPINION

PER CURIAM.

This cause is before us on three motions: (1) the State's motion to dismiss for want of jurisdiction based on Lolethia Hill's waiver of her appellate rights; (2) Hill's motion to file an amended notice of appeal; and (3) her motion to extend the time to designate and file the record. Although Hill's waiver of her appellate rights does not affect our jurisdiction, she cannot bring an appeal that she has waived, and we will we grant the State's motion to dismiss. Given that ruling, both of Hill's motions are moot and we will also dismiss them.

## PROCEDURAL BACKGROUND

In January 1995, Lolethia Hill pled guilty to possession of a controlled substance, cocaine, but the court postponed making a finding of guilt and placed her on ten years deferred adjudication probation. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon Supp.1996); TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.1996).[1] Apparently she violated the conditions of her probation, and, after she pled "true" to the allegations in the State's motion to adjudicate, the court found her guilty and sentenced her to ten years' incarceration on April 23, 1996.[2] On the same day, she signed a form entitled "Defendant's Waiver of Appeal", in which, after acknowledging that she had a right to appeal and to an appointed attorney, she asserted that she desired to "voluntarily, knowingly, and intelligently, waive [her] right to appeal."

1. Our rulings in this opinion are based on the limited information currently available to us: Hill's motion to file an amended notice of appeal and her motion to extend time to file the transcript and statement of facts; the State's motion to dismiss for want of jurisdiction; the trial court clerk's Rule 40(b)(1) information sheet; and Hill's letters to the trial court constituting her

However, on May 23 she filed two letters with the court—one a copy of a letter to her former attorney stating "I want to appeal [the court]'s decision of sentencing me to ten years T.D.C." and a second addressed to the court "about appealing [her] sentence of ten years T.D.C." The court, viewing these letters as indicating a desire to appeal, filed them as notices of appeal, appointed an attorney to represent Hill before this court, and directed the clerk to forward copies of the letters and the docket sheet to us. TEX. R.APP. P. 40(b)(1); *Miles v. State*, 842 S.W.2d 278, 279 n. 1 (Tex.Crim.App.1989).

We received the clerk's information form, the attached copies of both letters, and the court's docket sheet on June 5. TEX.R.APP. P. 40(b)(1). On June 25, Hill filed a motion to amend her notice of appeal and a motion to extend the time to designate and file the record. The State's motion to dismiss for want of jurisdiction followed on June 28.

## THE STATE'S MOTION TO DISMISS

■ The State claims that Hill's appeal should be dismissed for want of jurisdiction based on her waiver of her right to appeal at the time she pled "true" to the allegations in the motion to adjudicate. A criminal defendant may waive many of her rights, including the right to appeal a conviction. *Freeman v. State*, 913 S.W.2d 714, 717 (Tex.App.—Amarillo 1995, no pet.); *Doyle v. State*, 888 S.W.2d 514, 517 (Tex.App.—El Paso 1994, pet. ref'd); *Perez v. State*, 885 S.W.2d 568, 570 (Tex. App.—El Paso 1994, no pet.); *Smith v. State*, 858 S.W.2d 609, 611 (Tex.App.—Amarillo 1993, pet. ref'd). A knowing and intelligent waiver of the right to appeal is binding on the defendant and prevents her from appealing any issue in the cause without the consent of the court. *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex.Crim.App.1978); *Freeman*, 913 S.W.2d at 717; *Perez*, 885 S.W.2d at 570; *Smith*, 858 S.W.2d at 611. Merely

notice of appeal and that court's docket sheet attached to the information sheet. TEX.R.APP. P. 40(b)(1).

2. There is no indication of whether this punishment was assessed under the terms of a plea bargain agreement.

 

filing a notice of appeal is not sufficient to overcome the waiver. *Tabor*, 565 S.W.2d at 946; *Perez*, 885 S.W.2d at 568.

■ The State argues that Hill's waiver deprives us of jurisdiction over her appeal. Other courts have dismissed appeals for want of jurisdiction on the basis of the appealing defendant's waiver of his right to appeal. *E.g., Freeman*, 913 S.W.2d at 718; *Doyle*, 888 S.W.2d at 518; *Perez*, 885 S.W.2d at 572; *Smith*, 858 S.W.2d at 613. However, "the parties of a suit can neither confer nor waive jurisdiction by agreement or consent." *Stine v. State*, 908 S.W.2d 429, 431 (Tex.Crim.App. 1995). Thus, our jurisdiction is unaffected by Hill's waiver of her right to appeal. *See id.; see also Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex.Crim.App.1996); *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App. [Panel Op.] 1981).

■ Although we have jurisdiction over the appeal, Hill cannot appeal without showing that she obtained the permission of the trial court. *Cf. Jack v. State*, 871 S.W.2d 741, 744 (Tex.Crim.App.1994) (waiver of nonjurisdictional defects by a nonnegotiated plea of guilty "only means the defendant will not ultimately prevail in his appeal of such matters, not that an appellate court lacks jurisdiction to entertain it."). She has not shown that the court gave her permission to appeal. Nor has she attempted to disavow the waiver. See *Freeman*, 913 S.W.2d at 717; *Smith*, 858 S.W.2d at 611. Because we conclude that the waiver is valid and binding, Hill is prevented from bringing this appeal. Therefore, we will grant the State's motion to dismiss, but not on the ground that we lack jurisdiction over Hill's appeal.

## HILL'S MOTION TO FILE AN AMENDED NOTICE OF APPEAL AND MOTION FOR AN EXTENSION OF TIME TO DESIGNATE AND FILE THE RECORD

Because we dismiss this appeal on the ground that Hill is prevented from appealing by her waiver, we need not rule on her motion to amend her notice of appeal and dismiss it as moot. For the same reason, we also dismiss her motion for an extension of time to designate and file the record.

## CONCLUSION

Although we have jurisdiction over this cause, we find that Hill cannot bring an appeal absent permission from the trial court because she waived her right to an appeal. She has not shown that she has permission to appeal or that her waiver is invalid. Thus, we grant the State's motion and dismiss this cause.