**Billy Ray TURNER, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 10–97–203–CR.**

Court of Appeals of Texas, Waco.

Nov. 19, 1997.

---

Billy Ray Turner, pro se.

Joe F. Grubbs, County & District Attorney, Waxahachie, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## MEMORANDUM OPINION

### PER CURIAM.

On May 16, 1997, a jury convicted the appellant, Billy Ray Turner, on two counts of manslaughter for the deaths of Harry Allen Williams and Dale Wayne Reprogle, which resulted from an automobile accident. *See* Tex.Pen.Code Ann. § 19.04 (Vernon 1994). After the jury returned a verdict of guilty, Turner withdrew the issue of punishment from the jury and entered into an agreement as to punishment whereby he would waive his right to appeal in exchange for a sentence of 20 years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The trial court approved the agreement.

 Despite having waived his right to appeal, Turner filed a *pro se* notice of appeal indicating his desire to appeal his convictions. The State filed a motion to dismiss Turner's appeal based on Turner's having waived his right to appeal. Without *ruling on* the State's motion, we abated this cause to the trial court for the trial court to admonish Turner as to the dangers of proceeding *pro se*. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The trial court filed its findings of fact and conclusions of law with this court on October 24, 1997. Having reviewed the record from the abatement hearing, we conclude that it is now appropriate to dismiss Turner's appeal because he knowingly, voluntarily, and intelligently waived his right to appeal. *See Hill v. State,* 929 S.W.2d 607, 608 (Tex.App.—Waco 1996, no pet.).

 A criminal defendant may waive many of his rights, including the right to appeal a conviction. *Hill,* 929 S.W.2d at 608; *Freeman v. State,* 913 S.W.2d 714, 717 (Tex.App.—Amarillo 1995, no pet.); *Doyle v. State,* 888 S.W.2d 514, 517 (Tex.App.—El Paso 1994, pet. ref'd); *Perez v. State,* 885 S.W.2d 568, 570 (Tex.App.—El Paso 1994, no pet.); *Smith v. State,* 858 S.W.2d 609, 611 (Tex.App.—Amarillo 1993, pet. ref'd). A knowing and intelligent waiver of the right to appeal is binding on the defendant and prevents him from appealing any issue in the cause without the consent of the court. *Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex.Crim. App.1978); *Hill,* 929 S.W.2d at 608; *Freeman,* 913 S.W.2d at 717; *Perez,* 885 S.W.2d at 570; *Smith,* 858 S.W.2d at 611. Merely filing a notice of appeal is not sufficient to overcome the waiver. *Tabor,* 565 S.W.2d at 946; *Hill,* 929 S.W.2d at 608; *Perez,* 885 S.W.2d at 568.

The limited record before us does not indicate that Turner obtained the permission of the trial court to appeal his conviction or that he disavowed his waiver. *See Hill,* 929 S.W.2d at 608; *Freeman,* 913 S.W.2d at 717; *Smith,* 858 S.W.2d at 611. Moreover, Turner makes no attempt to raise the voluntariness of his waiver. *See Flowers v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App.1996). Because we conclude that the waiver is valid and binding, Turner is prevented from bringing this appeal. Therefore, we will grant the State's motion to dismiss and dismiss as moot Turner's motion to extend the time to file his brief.

The appeal is dismissed.