Vernon King v. State














IN THE
TENTH COURT OF APPEALS
 

No. 10-97-319-CR

Â Â Â Â Â VERNON KING,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court No. 14,639
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â According to the clerkâs record, Appellant Vernon King pled guilty to the felony offense of
possessing a deadly weapon in a penal institution. See Tex. Pen. Code Ann. Â§ 46.10 (Vernon
1994). King signed a written waiver of appeal at the time of his guilty plea. On November 6,
1997, the trial court sentenced King to three yearsâ imprisonment pursuant to the Stateâs plea
recommendation. Despite having waived his right to appeal, King filed a pro se notice of appeal
on December 3.
Â Â Â Â Â Â A criminal defendant may waive many of his rights, including the right to appeal a conviction. 
Hill v. State, 929 S.W.2d 607, 608 (Tex. App.âWaco 1996, no pet.); Doyle v. State, 888 S.W.2d
514, 517 (Tex. App.âEl Paso 1994, pet. ref'd); Smith v. State, 858 S.W.2d 609, 611 (Tex.
App.âAmarillo 1993, pet. ref'd). A knowing and intelligent waiver of the right to appeal is
binding on the defendant and prevents him from appealing any issue in the cause without the
consent of the court. Ex parte Tabor, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978); Hill, 929
S.W.2d at 608. A defendant cannot overcome the waiver merely by filing a notice of appeal. 
Tabor, 565 S.W.2d at 946; Hill, 929 S.W.2d at 608. 
Â Â Â Â Â Â The record before us does not indicate that King obtained the permission of the trial court to
appeal his conviction or that he disavowed his waiver. See Hill, 929 S.W.2d at 608. Moreover,
King makes no attempt to raise the voluntariness of his waiver. See Flowers v. State, 935 S.W.2d
131, 134 (Tex. Crim. App. 1996). Because we conclude that the waiver is valid and binding,
King is prevented from bringing this appeal. Accordingly, we dismiss the appeal.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Chief Justice McDonald (retired)
Appeal dismissed
Opinion issued and filed January 28, 1998
Do not publish


[1]   Justice Reyna is the designated
author under our Internal Administrative Rules.Â Â  Chief Justice GrayÂs opinion
is a concurring opinion.





[2] Â Â Â Â Â Â Â Â Â Â Â Â Â  ÂÂ[D]isposition is a euphemism for
sentencing [ ] and is used to honor the non-criminal character of the
proceedings.ÂÂÂ  In re K.T., 107 S.W.3d 65, 67 (Tex. App.ÂSan Antonio
2003, no pet.) (quoting In re C.S., 804 A.2d 307, 309 n.2 (D.C. App.
2002)).Â  





[3] Â Â Â Â Â Â Â Â Â Â Â Â Â  Because I believe that a juvenile
should be afforded the Sixth Amendment confrontation right in the disposition
phase, and because of the quasi-criminal nature of juvenile proceedings, I
would not apply the harm analysis for civil appeals.Â  I note that one court has
applied a criminal harm analysis in a non-determinate juvenile appeal.Â  See
In re K.W.G., 953 S.W.2d 483, 488 (Tex. App.ÂTexarkana 1997, pet. denied).Â 
Meanwhile, the supreme court and others have reserved the question.Â  See In
re D.I.B., 988 S.W.2d 753, 756 (Tex. 1999); In re L.R., 84 S.W.3d
701, 707 (Tex. App.ÂHouston [1st Dist.] 2002, no pet.).