Joe Luis Mermilla v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-183-CR

Â Â Â Â Â JOE LUIS MERMILLA,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 81st District Court
Atascosa County, Texas
Trial Court # 98-01-0029-CRA
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant Joe Luis Mermilla pleaded guilty to burglary of a habitation enhanced by a prior
felony conviction for possession of heroin. See Tex. Penal Code Ann. Â§ 30.02(a) (Vernon
1994). Mermilla signed a written waiver of appeal at the time of his guilty plea. Pursuant to the
Stateâs plea recommendation, the court assessed Mermillaâs punishment at twenty yearsâ
imprisonment. Despite having waived his right to appeal, Mermilla filed a pro-se


 general notice
of appeal.
Â Â Â Â Â Â A criminal defendant may waive many of his rights, including the right to appeal a conviction. 
Hill v. State, 929 S.W.2d 607, 608 (Tex. App.âWaco 1996, no pet.); Doyle v. State, 888 S.W.2d
514, 517 (Tex. App.âEl Paso 1994, pet. ref'd); Smith v. State, 858 S.W.2d 609, 611 (Tex.
App.âAmarillo 1993, pet. ref'd). A knowing and intelligent waiver of the right to appeal is
binding on the defendant and prevents him from appealing any issue in the cause without the
consent of the court. Ex parte Tabor, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978); Hill, 929
S.W.2d at 608. A defendant cannot overcome the waiver merely by filing a notice of appeal. 
Tabor, 565 S.W.2d at 946; Hill, 929 S.W.2d at 608. 
Â Â Â Â Â Â The record before us does not indicate that Mermilla obtained the permission of the trial court
to appeal his conviction or that he disavowed his waiver. See Hill, 929 S.W.2d at 608. 
Moreover, Mermilla makes no attempt to raise the voluntariness of his waiver. See Flowers v.
State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996). Because we conclude that the waiver is
valid and binding, Mermilla is prevented from bringing this appeal. Accordingly, we dismiss the
appeal.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Appeal dismissed
Opinion delivered and filed December 31, 1998
Do not publish



 establishing ineffective
assistance of counsel).  We overrule issue two.

AttorneyÂs Fees and InvestigatorÂs Fees

For the purposes of assessing attorneyÂs
fees and investigatorÂs fees, once an accused is found to be indigent, he is
presumed to remain so through the proceedings absent proof of a material change
in his circumstances.Â  Tex. Code Crim.
Proc. Ann. art. 26.04(p) (West Supp. 2009); Mayer v. State, 309
S.W.3d 552, 557 (Tex. Crim. App. 2010); Watkins v. State, No.
10-10-00055-CR, 2010 Tex. App. LEXIS 9641 at *24 (Tex. App.ÂWaco Dec. 1, 2010,
no pet. h.).Â  Accordingly if the defendant is found to be indigent at the
outset of trial, there must be some evidence presented to the trial court of a
change in financial circumstances before attorneyÂs fees and investigatorÂs
fees can be assessed against the defendant.Â  See Mayer, 309 S.W.3d at
553.

In this case, Mayer was found to be
indigent prior to trial and was appointed trial counsel.Â  No evidence
indicating a change in his financial circumstances was proffered during the
trial.Â  Additionally, the trial court determined that Mayer was indigent for
purposes of appeal, ordered the appointment of appellate counsel, and granted
Mayer a free record on appeal on account of his indigence.Â  Accordingly, as the
presumption of indigence remains, we hold that the evidence is insufficient to
support the trial courtÂs assessment.Â  See Tex. Code Crim. Proc. Ann. art. 26.04(p); Mayer, 309
S.W.3d at 557; Watkins, 2010 Tex. App. LEXIS 9641 at *24.Â  We
consequently modify the trial courtÂs judgments to delete the orders to pay
attorneyÂs fees and investigatorÂs fees and order Mayer to pay only the costs
of court in the amount of $700.00.Â  See Mayer, 309 S.W.3d at 557.Â  We
sustain issue three.

Multiple Orders

Mayer complains that the trial court
erred by signing three separate Âorders to withdraw fundsÂ from his inmate
trust account at TDCJ because each ordered the payment of the entirety of the
court costs.Â  Mayer argues that he could potentially be required to pay the
court costs three times according to the language of the Âorders.ÂÂ  These
ÂordersÂ were signed separate and apart from the three judgments of conviction.

First, we question whether we have
jurisdiction over this complaint in this appeal.Â  This is a criminal appeal.Â 
The type of ÂordersÂ about which Mayer complains have been determined to be
civil, not criminal in nature.Â  See In re Johnson, 280 S.W.3d 866 (Tex.
Crim. App. 2008); Harrell v. State, 286 S.W.3d 315 (Tex. 2008).Â  Second,
even if we have jurisdiction, as a prerequisite to presenting a complaint on
appeal, a party must have made a timely and specific request, objection, or
motion to the trial court.Â  Tex. R. App.
P. 33.1(a)(1)(A).Â  The purpose of the specificity required in rule
33.1(a) is to (1) inform the court of the basis of the objection and give it an
opportunity to rule on it; and (2) give opposing counsel the opportunity to
respond to the complaint.Â  Resendez v. State, 306 S.W.3d 308, 312 (Tex.
Crim. App. 2009).Â  Here, there is no indication that Mayer complained about the
amounts contained in the Âorder to withdraw fundsÂ once he received notice of
them, either by filing a motion to rescind or otherwise.Â  See e.g., Harrell
v. State, 286 S.W.3d 315, 317 (Tex. 2008) (considering trial courtÂs denial
of motion to rescind); Randolph v. State, 323 S.W.3d 585, 586 (Tex.
App.ÂWaco 2010, no pet.) (same).Â  As a result, any issue pertaining to the
order to withdraw funds has not been preserved for our review.Â  MayerÂs fourth
issue is overruled.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  We find that the trial court
did not abuse its discretion by denying MayerÂs pre-trial motion regarding voir
dire questions, nor did that constitute the inability to render effective
assistance of counsel.Â  We find that the trial court erred by assessing
attorneyÂs fees and investigatorÂs fees against Mayer and modify the judgments
by deleting the assessment of attorneyÂs fees and investigatorÂs fees.Â  We find
that the issue regarding the withdrawal ÂordersÂ is not properly before the
Court or alternatively, was not preserved.Â  As modified, the judgments of
conviction are affirmed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Scoggins

Modified,
and As Modified, Affirmed

Opinion
delivered and filed February 23, 2011

Do
not publish

[CRPM]