98211CV.White,Herman.fgm.ab.dism
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-324-CR

     RAY WAYNE CLAYBURN, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 23391CR, 23392CR
23393CR, & 23394CR
                                                                                                                

MEMORANDUM OPINION 
                                                                                                                

      Appellant Ray Wayne Clayburn, Jr. pleaded guilty on September 28, 1998 to four separate
charges of arson. See Tex. Penal Code Ann. § 28.02(a)(2) (Vernon 1994). Without a plea
recommendation, the court assessed Clayburn’s punishment at ten years’ imprisonment in each
case to run concurrently. On October 6, Clayburn filed a pro-se


 general notice of appeal. Two
weeks later, Clayburn signed a written waiver of appeal in each case.
      The waivers each recite that Clayburn’s attorney and the trial court advised him of his
appellate rights and that:
after having consulted with my Attorney to my own satisfaction, I am fully aware of all
my Statutory and Constitutional rights in this case, and I hereby voluntarily, knowingly,
and intelligently waive in open Court and after sentence has been rendered my right to
file a Motion for New Trial and/or to Appeal in this case.
 
That, with full understanding of the above, I hereby accept as final the judgment of
conviction and the sentence herein and I respectfully request that I be allowed to
commence serving the sentence herein imposed without further delay.

In addition to bearing Clayburn’s signature, the waivers are signed by Clayburn’s counsel and by
the trial court.
      A criminal defendant may waive many of his rights, including the right to appeal a conviction. 
Hill v. State, 929 S.W.2d 607, 608 (Tex. App.—Waco 1996, no pet.); Doyle v. State, 888 S.W.2d
514, 517 (Tex. App.—El Paso 1994, pet. ref'd); Smith v. State, 858 S.W.2d 609, 611 (Tex.
App.—Amarillo 1993, pet. ref'd). A knowing and intelligent waiver of the right to appeal is
binding on the defendant and prevents him from appealing any issue in the cause without the
consent of the court. Ex parte Tabor, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978) (op. on
reh’g); Hill, 929 S.W.2d at 608. This is true regardless of whether the waiver is made before or
after notice of appeal is given. See Conners v. State, 966 S.W.2d 108, 109-111 (Tex.
App.—Houston [1st Dist.] 1998, pet. ref’d) (accused’s statement in post-trial hearing that she
wanted to withdraw her appeal after having given notice of appeal was honored by dismissal of
appeal notwithstanding appellate counsel’s refusal to file motion to withdraw the appeal).
      The record before us does not indicate that Clayburn obtained the permission of the trial court
to appeal his conviction or that he has disavowed his waiver. See Hill, 929 S.W.2d at 608. 
Accordingly, we conclude that the waiver is valid, and we dismiss the appeal.
                                                                   PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed January 20, 1999
Publish