lee, elmer edward v. state 




 NO. 12-02-00070-CR



IN THE COURT OF APPEALS


 

TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




STEVEN CHARLES SASH,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







PER CURIAM


 This appeal is being dismissed for want of jurisdiction. On January 14, 2002, Appellant
pleaded guilty to sexual assault of a child and punishment was assessed at imprisonment for sixteen
years and a $5,000.00 fine. Tex. R. App. P. 26.2 (1) provides that a notice of appeal must be filed
within thirty days after the day sentence is imposed or suspended in open court unless a motion for
new trial is timely filed. Appellant did not file a motion for new trial. Thus, Appellant's notice of
appeal was due on February 13, 2002. However, Appellant did not file his notice of appeal until
February 14, 2002. Moreover, Appellant did not file a timely motion for extension of time to file
his notice of appeal as authorized by Tex. R. App. P. 26.3. 

 On March 1, 2002, this court notified Appellant pursuant to Rules 26.2 and 37.2, that the
clerk's record did not show the jurisdiction of this court, and it gave him until March 11, 2002 to
correct the defect. As of March 19, 2002, Appellant has not responded to the court's notice. 
Because this Court has no authority to allow the late filing of a notice of appeal except as provided
by Rule 26.3, the appeal must be dismissed. (2) See Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App.
1998). 

 The appeal is dismissed for want of jurisdiction. 


Opinion delivered March 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.






























 DO NOT PUBLISH

1. All further rule references will be to the current edition of the Texas Rules of Appellate Procedure unless
otherwise specified.
2. As a further ground for dismissal, we note that Appellant signed a written waiver his right to appeal after
sentence was imposed. Hill v. State, 929 S.W.2d 607, 609 (Tex. App.- Waco 1996, no pet.); Smith v. State, 858 S.W.2d
609, 611 (Tex. App.- Amarillo 1993, pet. ref'd).