In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00187-CR


______________________________




BOBBY GLENN CANIDA, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 18345




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Carter



O P I N I O N



 Bobby Glenn Canida was convicted by a jury on his plea that he was not guilty of the offense
of manufacture of a controlled substance. He was sentenced by the trial court to forty years'
imprisonment. Canida raises eight contentions of error. He agrees that he was sentenced pursuant
to an agreement between him and the State and acknowledges the signed waiver of his right to
appeal. Canida then contends that his waiver was not voluntarily and knowingly made, that he was
not effectively advised by counsel when he signed the waiver, and that he was thus denied effective
assistance of counsel. He also contends he was denied effective assistance of counsel in asserting
his right to appeal. Canida also contends that the evidence was legally and factually insufficient to
support the verdict and that he was denied his right to a speedy trial.

Jurisdiction--Waiver of Right to Appeal

 We first address the question of whether Canida has waived his right to appeal. The record
shows that, after the jury found him guilty, the State agreed to Canida's request to change his
punishment election from the jury to the court. The clerk's record also contains a document signed
on that same date by Canida, his counsel, and the trial court in which Canida waived his right to
appeal, his right to file a motion for new trial, and his right to have an attorney appointed for appeal. 
 However, trial counsel then filed a motion to withdraw, which the trial court denied.

 Canida filed a pro se notice of appeal. The record shows that this is not an appeal from a
guilty plea. This Court abated the appeal and ordered the trial court to conduct a hearing to
determine whether the trial attorney was retained for appeal, if defendant wished to pursue appeal,
and whether he was indigent and entitled to appointed counsel. The court conducted a hearing and
made findings of facts and conclusions of law. We directed the trial court to appoint appellate
counsel.

 Our jurisdiction is invoked by the timely filing of a notice of appeal. Tex. R. App. P. 25.2;
Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993). After our jurisdiction is invoked, it is
then our duty to exercise that jurisdiction to determine whether we have jurisdiction over the appeal. 
State v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996).

 Canida has attempted to disavow his waiver as being involuntarily made. 

 Canida's contention was not accepted or believed by the trial court. At the post-trial hearing
pursuant to our order, the trial court concluded that Canida was not entitled to an appeal because he
had "knowingly and voluntarily and freely" waived his right to appeal. 

 The trial court reached this conclusion over Canida's protests that he did not understand the
nature of the documents that he signed or their effect on this particular case. In fact, it became clear
at the hearing that Canida's appeal would be based in part on his claim that the agreement was not
voluntarily made because he did not understand its contents. This case is thereby distinguishable
from Turner v. State, 956 S.W.2d 789, 790 (Tex. App.-Waco 1997, no pet.). (In Turner, which was
also a waiver entered after the defendant was found guilty by a jury, the Waco court dismissed the
appeal because Turner did not attempt to disavow his waiver.)

 On appeal, Canida has taken the position that we should disregard the information provided
about the plea process by trial counsel at the post-trial hearing. Canida argues that, because trial
counsel was questioned about the proceedings, he was not able to act as an advocate for Canida, and
that he in fact provided testimony contrary to Canida's position. We do not rely on the information
elicited at the hearing on abatement to determine the issue of the voluntariness of the appeal waiver,
but rather from the record from the trial proceeding. 

 The controlling issue is whether Canida knowingly and intelligently waived his right to
appeal. After the jury found Canida guilty, he, with the agreement of the State, withdrew his request
to have a jury assess punishment. The terms of an agreement between Canida and the State were
then discussed. 

 The record reveals the following:

 THE COURT: Mr. County Attorney, would you be kind enough to
relate to the court whatever the agreement as you understand it to be between the
state, the defense, the defense counsel?


 MR. HARRIS: Yes, Your Honor. It's my understanding that the
defendant is going to accept a sentence of 40 years from the trial court. In
consideration for him accepting this 40 year sentence, the state is agreeing to dismiss,
as the court previously outlined, possession of a controlled substance in cause
number 18132. Additionally, Your Honor, there may be some misdemeanor cases,
I think a possession of misdemeanor marijuana case and the - drug paraphernalia. 
We will dismiss that. 


 As part of the plea agreement, the defendant is giving up any right to file
motion for new trial, motion in arrest of judgment or appeal this matter. We have a
document there for the court. . . . 

 Canida and his attorney agreed that this was correct. The trial court then asked the defendant
if he had anything further to say, and he replied, "No, sir." 


The court then stated:


 [THE COURT]: I am barring further prosecutions and I will recognize that
part of the agreement is that you would execute a waiver of appeal, which is now
approved, and the judgment and sentence in the case will become final. 


 Part of the agreement seems to be that there will be no effort to vacate or
modify in any respect to the agreed sentence that was imposed.


 Mr. Canida, did I say anything that was different from the agreement that you
and the state and your lawyer have?


 THE DEFENDANT: No, sir. 

 Further, a written waiver was signed by Canida, approved by counsel, and approved by the
trial court. The written waiver reads in pertinent part as follows:

 [H]aving been fully informed by my attorney and by the Court of the rights
hereinafter waived, I hereby knowingly, intelligently, and voluntarily waive my right
to file a Motion for New Trial and Motion in Arrest of Judgment and my right to give
Notice of Appeal from my conviction in this cause. . . .

 A criminal defendant may waive many rights, including the right to appeal a conviction. A
knowing and intelligent waiver of the right to appeal is binding on the defendant and prevents him
from appealing any issue in the cause. Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App.
2000) (also involving a defendant found guilty after a trial, but who then struck a deal with the State
on sentencing).

 Canida agreed, with the concurrence of counsel, to waive his right to appeal. As pointed out
and reiterated by the trial court, that agreement benefitted Canida in a number of respects by
eliminating additional charges against him. Canida argues that he was unaware of the consequences
of the waiver because the trial court did not first orally inform him that he had a right to appeal
before confirming that he had waived that right. This argument is not compelling. Canida
confirmed in open court in response to the statement by the trial court that he had agreed not to
appeal in return for the termination of the other prosecutions against him. As in Blanco, we hold him
to his agreement.

 The appeal is dismissed. 




 Jack Carter

 Justice


Date Submitted: January 15, 2003

Date Decided: January 24, 2003


Do Not Publish



nUsed="false" Name="Medium Grid 2 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00041-CR

                                                ______________________________

 

 

                              CALVIN WAYNE BURNHAM,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 123rd
Judicial District Court

                                                             Panola County, Texas

                                                       Trial Court
No. 2005-C-0004

 

                                                   
                                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Calvin
Wayne Burnham appeals from his convictions by the trial court on four charges
of aggravated sexual assault of a child and four charges of indecency with a
child.  Burnham has filed a single brief,
in which he raises issues common to all of his appeals.[1]  He argues that the trial court committed
reversible error in considering evidence from a previous revocation hearing
when granting the States second amended motion to adjudicate guilt and in
admitting the results of a polygraph examination.  Burnham also complains that the evidence was
insufficient to establish that he violated any conditions of his community
supervision. 

            We
addressed these issues in detail in our opinion of this date on Burnhams
appeal in cause number 06-10-00038-CR. 
For the reasons stated therein, we likewise conclude that reversible
error has not been shown in this case.

            We
affirm the trial courts judgment.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          December
14, 2010

Date Decided:             December
15, 2010

 

Do Not Publish

 

 

OPINION ON REHEARING

            In
the above-captioned case, we affirmed Calvin Wayne Burnhams conviction of four
counts of aggravated sexual assault and four counts of indecency with a child,
his stepdaughter.  Burnham has filed a
single motion for rehearing in all of his cases asking that this Court rehear
the matter.[2]  Specifically, he alleges that the State
violated Article 42.12, Section 21(b) of the Texas Code of Criminal Procedure
in amending its motion to adjudicate guilt after the commencement of taking
evidence at the hearing.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 21(b) (Vernon Supp. 2010).  

            We
addressed these issues in detail in our opinion on rehearing of this date on
Burnhams appeal in cause number 06-10-00038-CR.  For the reasons stated therein, we likewise
conclude that Burnhams complaint on rehearing was not preserved for our
review.

            We
deny the motion for rehearing.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date:  January 26, 2011

Do Not Publish











[1]Burnham
appeals from four convictions of aggravated sexual assault of a child and four
convictions of indecency with a child, cause numbers 06-10-00038-CR through 06-10-00045-CR.






[2]Burnham
seeks rehearing of our opinions affirming four convictions of aggravated sexual
assault of a child and four convictions of indecency with a child, cause
numbers 06-10-00038-CR through 06-10-00045-CR.