In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00034-CR


______________________________




FRANCISCO HERNANDEZ ARROYO, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 29887-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Francisco Hernandez Arroyo has appealed from his conviction on his plea of guilty
without a plea agreement to the offense of possession of a controlled substance with intent
to deliver. The trial court assessed punishment at fifteen years' imprisonment. 

 Effective January 1, 2003, the Texas Rules of Appellate Procedure were amended.
Arroyo's notice of appeal invoking appellate jurisdiction was filed after the effective date
of the amended rules. The amended rules therefore apply to this appeal. We have now
received the certification prepared by the trial court in accordance with Tex. R. App. P.
25.2(d). In that certification, the court affirms, as it did in the judgment, that Arroyo has
waived his right to appeal.

 The reporter's record reflects that, although no formal plea agreement was in place,
at the request of defense counsel, the court followed the State's recommendation as to
punishment and Arroyo personally stated he wanted to accept the court's sentence and
give up his right to appeal. A criminal defendant may waive many rights, including the right
to appeal a conviction. Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000). 
The trial court confirmed this state of events in its certification that Arroyo had waived his
right to appeal.


 We dismiss the appeal.


 Donald R. Ross

 Justice


Date Submitted: April 30, 2003

Date Decided: May 1, 2003


Do Not Publish



s that the evidence was legally and factually insufficient to
support the verdict and that he was denied his right to a speedy trial.

Jurisdiction--Waiver of Right to Appeal

 We first address the question of whether Canida has waived his right to appeal. The record
shows that, after the jury found him guilty, the State agreed to Canida's request to change his
punishment election from the jury to the court. The clerk's record also contains a document signed
on that same date by Canida, his counsel, and the trial court in which Canida waived his right to
appeal, his right to file a motion for new trial, and his right to have an attorney appointed for appeal. 
 However, trial counsel then filed a motion to withdraw, which the trial court denied.

 Canida filed a pro se notice of appeal. The record shows that this is not an appeal from a
guilty plea. This Court abated the appeal and ordered the trial court to conduct a hearing to
determine whether the trial attorney was retained for appeal, if defendant wished to pursue appeal,
and whether he was indigent and entitled to appointed counsel. The court conducted a hearing and
made findings of facts and conclusions of law. We directed the trial court to appoint appellate
counsel.

 Our jurisdiction is invoked by the timely filing of a notice of appeal. Tex. R. App. P. 25.2;
Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993). After our jurisdiction is invoked, it is
then our duty to exercise that jurisdiction to determine whether we have jurisdiction over the appeal. 
State v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996).

 Canida has attempted to disavow his waiver as being involuntarily made. 

 Canida's contention was not accepted or believed by the trial court. At the post-trial hearing
pursuant to our order, the trial court concluded that Canida was not entitled to an appeal because he
had "knowingly and voluntarily and freely" waived his right to appeal. 

 The trial court reached this conclusion over Canida's protests that he did not understand the
nature of the documents that he signed or their effect on this particular case. In fact, it became clear
at the hearing that Canida's appeal would be based in part on his claim that the agreement was not
voluntarily made because he did not understand its contents. This case is thereby distinguishable
from Turner v. State, 956 S.W.2d 789, 790 (Tex. App.-Waco 1997, no pet.). (In Turner, which was
also a waiver entered after the defendant was found guilty by a jury, the Waco court dismissed the
appeal because Turner did not attempt to disavow his waiver.)

 On appeal, Canida has taken the position that we should disregard the information provided
about the plea process by trial counsel at the post-trial hearing. Canida argues that, because trial
counsel was questioned about the proceedings, he was not able to act as an advocate for Canida, and
that he in fact provided testimony contrary to Canida's position. We do not rely on the information
elicited at the hearing on abatement to determine the issue of the voluntariness of the appeal waiver,
but rather from the record from the trial proceeding. 

 The controlling issue is whether Canida knowingly and intelligently waived his right to
appeal. After the jury found Canida guilty, he, with the agreement of the State, withdrew his request
to have a jury assess punishment. The terms of an agreement between Canida and the State were
then discussed. 

 The record reveals the following:

 THE COURT: Mr. County Attorney, would you be kind enough to
relate to the court whatever the agreement as you understand it to be between the
state, the defense, the defense counsel?


 MR. HARRIS: Yes, Your Honor. It's my understanding that the
defendant is going to accept a sentence of 40 years from the trial court. In
consideration for him accepting this 40 year sentence, the state is agreeing to dismiss,
as the court previously outlined, possession of a controlled substance in cause
number 18132. Additionally, Your Honor, there may be some misdemeanor cases,
I think a possession of misdemeanor marijuana case and the - drug paraphernalia. 
We will dismiss that. 


 As part of the plea agreement, the defendant is giving up any right to file
motion for new trial, motion in arrest of judgment or appeal this matter. We have a
document there for the court. . . . 

 Canida and his attorney agreed that this was correct. The trial court then asked the defendant
if he had anything further to say, and he replied, "No, sir." 


The court then stated:


 [THE COURT]: I am barring further prosecutions and I will recognize that
part of the agreement is that you would execute a waiver of appeal, which is now
approved, and the judgment and sentence in the case will become final. 


 Part of the agreement seems to be that there will be no effort to vacate or
modify in any respect to the agreed sentence that was imposed.


 Mr. Canida, did I say anything that was different from the agreement that you
and the state and your lawyer have?


 THE DEFENDANT: No, sir. 

 Further, a written waiver was signed by Canida, approved by counsel, and approved by the
trial court. The written waiver reads in pertinent part as follows:

 [H]aving been fully informed by my attorney and by the Court of the rights
hereinafter waived, I hereby knowingly, intelligently, and voluntarily waive my right
to file a Motion for New Trial and Motion in Arrest of Judgment and my right to give
Notice of Appeal from my conviction in this cause. . . .

 A criminal defendant may waive many rights, including the right to appeal a conviction. A
knowing and intelligent waiver of the right to appeal is binding on the defendant and prevents him
from appealing any issue in the cause. Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App.
2000) (also involving a defendant found guilty after a trial, but who then struck a deal with the State
on sentencing).

 Canida agreed, with the concurrence of counsel, to waive his right to appeal. As pointed out
and reiterated by the trial court, that agreement benefitted Canida in a number of respects by
eliminating additional charges against him. Canida argues that he was unaware of the consequences
of the waiver because the trial court did not first orally inform him that he had a right to appeal
before confirming that he had waived that right. This argument is not compelling. Canida
confirmed in open court in response to the statement by the trial court that he had agreed not to
appeal in return for the termination of the other prosecutions against him. As in Blanco, we hold him
to his agreement.

 The appeal is dismissed. 




 Jack Carter

 Justice


Date Submitted: January 15, 2003

Date Decided: January 24, 2003


Do Not Publish