Michelle Renae Griffin v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-145-CR

Â Â Â Â Â MICHELLE RENAE GRIFFIN,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court at Law
Coryell County, Texas
Trial Court # 01-50062
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury found Michelle Renae Griffin guilty of driving while intoxicated. The jury assessed
punishment at three days in jail and a $200 fine. Pursuant to a recommendation from the jury, the
trial court suspended Griffinâs confinement sentence and placed her on community supervision for
two years. We dismiss Griffinâs appeal because she signed a waiver of her right to appeal.
Â Â Â Â Â Â Griffinâs case was tried over two days; that being April 29, 2002 and May 1, 2002. 
Sentencing was scheduled for May 2, 2002. The trial court placed Griffin on community
supervision and signed a âMisdemeanor Probation Order.â On a separate page from the order,
Griffin signed a document acknowledging her receipt of the conditions of community supervision. 
In this document, Griffin also waived her right to appeal. Directly under the waiver, Griffin
placed her signature and a thumbprint. The next day, Griffin filed a notice of appeal.
Â Â Â Â Â Â A defendant in a criminal prosecution for any offense, except in a capital felony case, may
waive any rights secured by law. Tex. Code Crim. Proc. Ann. art. 1.14(a) (Vernon Supp.
2003). This includes the right to appeal. Hill v. State, 929 S.W.2d 607, 608 (Tex. App.âWaco
1996, no pet.). A knowing and intelligent waiver of the right to appeal, whether negotiated or not,
is binding on a defendant and prevents her from appealing any issue in the cause without the
consent of the trial court. Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003); Hill,
929 S.W.2d at 608. And no attack on a waiver will be entertained in the absence of factual
allegations supporting the claim that the waiver was involuntary or coerced. Ex parte Tabor, 565
S.W.2d 945, 946 (Tex. Crim. App. 1978)(citing Ex parte Hogan, 556 S.W.2d 352, 353 (Tex.
Crim. App. 1977)).
Â Â Â Â Â Â Griffinâs waiver was signed the same day as the trial court signed the misdemeanor probation
order. There is nothing in the record that would indicate the waiver was not knowingly and
intelligently made. Griffin has not tried to disavow her waiver. She has also not shown that the
trial court gave her permission to appeal. Thus, we conclude her waiver is valid and binding. 
Griffin is prevented from bringing this appeal.
Â Â Â Â Â Â We dismiss Griffinâs appeal on the ground she is prevented from appealing by her waiver of
her right to appeal.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Dismissed
Opinion delivered and filed May 21, 2002
Do not publish
[CR25]



the planer with one hand and the wood with the
other, Lewis could not think of any other way to plane the small wood pieces.  Allison
concurred with LewisÂs method and did not think it was dangerous or improper.Â  After
the fact, Lewis realized that using the planer that way was dangerous.

Woods testified that it was important to train
employees in the use of tools.Â  Woods was familiar with using the planer and
the danger of planing small pieces of wood; he knew that a jig should be built
and used to securely wedge small pieces of wood before using the planer.Â  Lewis
said that had he known to use a jig, he could have built one.

The instructions for a brand new power hand planer
that was demonstrated at trial include the following as its first safety rule
for planers:

Secure the material being planed.Â  Never hold it
in your hand or across legs.Â 
Small workpiece must be adequately secured so the rotating planer blades will
not pick it up during forward motion of the planer.Â  Unstable support can cause
the blades to bind causing loss of control and injury.

Â 

The jury found that SSGÂs negligence proximately
caused LewisÂs injury and awarded him approximately $65,000 in damages.Â  The
trial court credited SSG with LewisÂs medical expenses ($11,509.85) that SSG
had paid and entered a judgment for Lewis in the amount of $55,371.09.Â  The
trial court denied SSGÂs motion for jnov, which asserted that it owed Lewis no
duty to warn.

Issues

Â Â Â Â Â Â Â Â Â Â Â  Seeking reversal and rendition of a
take-nothing judgment, SSG asserts two issues:Â  (1) it had no duty to warn
Lewis of the dangers in using the planer because those dangers were obvious,
commonly known, or already appreciated by Lewis; and (2) there is no evidence
that SSGÂs negligence, if any, proximately caused the injury; instead, the
evidence conclusively shows that LewisÂs own negligence caused the injury.

Duty

SSG is a nonsubscriber to the Texas WorkersÂ
Compensation Act. Â See Tex. Lab.
Code Ann. Â§ 406.002 (Vernon 2006) (ÂExcept for public employers and as
otherwise provided by law, an employer may elect to obtain workersÂ
compensation insurance coverage.Â).Â  ÂIn an action . . . against an employer
who does not have workersÂ compensation insurance coverage, the plaintiff must
prove negligence of the employer or of an agent or servant of the employer
acting within the general scope of the agent's or servant's employment.ÂÂ  Id. Â§ 406.033(d) (Vernon 2006).Â  The employeeÂs contributory negligence is not a
defense in nonsubscriber cases.Â  Id. Â§ 406.033(a)(1); see The Kroger
Co. v. Keng, 23 S.W.3d 347, 351-52 (Tex. 2000).

Â Â Â Â Â Â Â Â Â Â Â  To establish negligence, a party must
establish a duty, a breach of that duty, and damages proximately caused by the
breach.Â  The Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex. 2006).Â  An employer has a duty to use ordinary care in providing a safe workplace.Â  Id.; Farley v. M M Cattle Co., 529 S.W.2d 751, 754 (Tex. 1975).Â  It must, for
example, warn an employee of the hazards of employment and provide needed
safety equipment or assistance.Â  Elwood, 197 S.W.3d at 794; Farley,
529 S.W.2d at 754.Â  An employer must furnish safe machinery and
instrumentalities that its employees are to work with and must provide adequate
assistance under the circumstances for the performance of required work.Â  See
Humble Sand & Gravel, Inc. v. Gomez, 146 S.W.3d 170, 186 n.45 (Tex. 2004); Werner v. Colwell, 909 S.W.2d 866, 869 (Tex. 1995); Farley, 529
S.W.2d at 754.Â  An employer must also instruct employees in the safe use and
handling of products and equipment used in and around an employerÂs premises or
facilities, and must adequately hire, train, and supervise employees.Â  Patino
v. Complete Tire, Inc., 158 S.W.3d 655, 660 (Tex. App.ÂDallas 2005, pet.
denied); Castillo v. Gared, Inc., 1 S.W.3d 781, 786 (Tex. App.ÂHouston
[1st Dist.] 1999, pet. denied).

Â Â Â Â Â Â Â Â Â Â Â  An employer, however, is not an insurer
of its employeesÂ safety.Â  Elwood, 197 S.W.3d at 794.Â  An employer owes
no duty to warn of hazards that are obvious, commonly known, or already
appreciated by the employee and owes no duty to provide equipment or assistance
that is unnecessary to the jobÂs safe performance.Â  Id. at 794-95.

Â Â Â Â Â Â Â Â Â Â Â  As noted above, Woods testified that
he did not want Allison and Lewis to use the planer because he thought that it
was too dangerous for them to use without his having shown them how to use it
correctly and safely.Â  Specifically, he said:

A.Â  And I didnÂt want them to use it without me
showing them how, period.

Â 

Q.Â  Okay.Â  So you thought it was too risky or too
dangerous for them to use it?

Â 

A.Â  Yes, maÂam.

Â 

Q.Â  Okay.Â  And you believe that that was something
that they needed to understand, that you did not want them using it because it
was too risky or too dangerous until you had a chance to give them instruction?

Â 

A.Â  Yes, maÂam.

Â 

Woods was familiar with the danger of planing
small pieces of wood and knew that a jig should be used to plane small pieces.

The need to use a jig or some other bracing device
to safely use an electric hand planer on small pieces of wood, instead of
holding the plane and the wood in oneÂs hands, is not obvious.Â  Nor is this
safety need commonly knownÂan electric hand planer is a specialized tool for
woodworking.Â  This case is thus unlike those relied on by SSG.Â  See Jack in the Box, Inc. v. Skiles, 221 S.W.3d 566, 569 (Tex. 2007)
(employer did not have duty to warn employee about obvious danger in using
ladder to climb over delivery truckÂs malfunctioning lift gate); Elwood,
197 S.W.3d at 795 (grocery store employer had no duty to warn courtesy clerk of
danger associated with placing hand in doorjamb of
automobile because that danger is common and obvious to anyone); see also Aleman v. Ben E.
Keith Co., 227 S.W.3d 304, 313 (Tex. App.ÂHouston [1st Dist.] 2007, no pet.)
(employer did not have duty to warn employee about water on floor of trailer
because danger associated with water on floor commonly known and obvious to
everyone, and employee was aware of water on floor).

SSG argues, however, that the planerÂs dangers
were obvious to and already known by Lewis, pointing to his testimony that he
was generally familiar with the need to stabilize or brace wood while working
on it, that he knew not to get his hand near sharp moving blades, and that the
planer appeared to require two hands.Â  But LewisÂs admissions do not affect our
view of the critical issue in this case, which is that, as Lewis testified to,
he did not know what a jig was or that he needed to use a jig to plane small
pieces of wood with the hand planerÂexactly what Woods would have shown and
instructed Lewis to do.Â  Lewis did not know beforehand that he should not hold
a piece of wood and run it across the bottom of the electric hand planer.Â 
Indeed, Allison, who was likewise untrained in the use of the planer, saw
nothing wrong or unsafe with how Lewis was using it and would have used it the
same way, and Lewis had successfully planed most of the wood before his
injury.Â  And while the evidence was unclear, if Lewis had used this hand planer
before, it was with Woods and on a long part of a door frame.Â  Based on this
evidence, we hold that Lewis did not already appreciate the danger of using an
electric hand planer on a small piece of wood while holding it, and SSG owed a
duty to Lewis to train him in the safe use of the planer and warn him of its
danger.Â  We overrule SSGÂs first issue.

Sufficiency of the Evidence

In reviewing the legal sufficiency of the
evidence, we view the evidence in the light most favorable to the verdict,
crediting favorable evidence if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not.Â  City of Keller v. Wilson, 168 S.W.3d
802, 807, 822 (Tex. 2005).Â  There is legally insufficient evidence or Âno
evidenceÂ of a vital fact when (a) there is a complete absence of evidence of a
vital fact; (b) the court is barred by rules of law or of evidence from giving
weight to the only evidence offered to prove a vital fact; (c) the evidence
offered to prove a vital fact is no more than a mere scintilla; or (d) the
evidence conclusively establishes the opposite of the vital fact.Â  Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997).

It is not disputed that SSG did not train Lewis in
the safe use of the electric hand planer with small pieces of wood and warn him
about its dangers.Â  Woods admitted that, in the phone call with Allison, he did
not specifically tell Allison not to use the planer, although he admitted that
he did not want Allison and Lewis to use it because it was risky and dangerous
and he had not shown them how to use it.Â  The evidence in this case would
enable reasonable and fair-minded people to reach the verdict under review.Â  See
City of Keller, 168 S.W.3d at 827.Â  The evidence is therefore legally
sufficient to support the juryÂs negligence finding. Â We overrule issue two.

Conclusion

Having overruled both issues, we affirm the trial
courtÂs judgment.

Â 

Â 

BILL VANCE

Justice

Â 

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â Â Â  Justice Reyna

Affirmed

Opinion delivered and
filed September 10, 2008

[CV06]

Â