**Gilberto PEREZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–94–00052–CR.**

Court of Appeals of Texas, El Paso.

Sept. 22, 1994.

Allan Hawkins, Midland, for appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Midland, for the State.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

### OPINION

BARAJAS, Chief Justice.

Gilberto Perez, Jr. appeals from a judgment revoking probation. Appellant was charged with the offense of burglary of a habitation to which crime he pled guilty. The trial court accepted Appellant's plea and, pursuant to a plea agreement, deferred adju-

dication of guilt and placed Appellant on probation for five years. We dismiss Appellant's attempted appeal for want of jurisdiction.

On September 1, 1993, the State petitioned to revoke Appellant's probation. On January 24, 1994, Appellant entered a plea of true pursuant to a pretrial agreement. Appellant's probation was revoked, and punishment assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years. The trial court recommended that Appellant be placed in an alternative incarceration program.

## I. *PROCEDURAL HISTORY*

After the State filed its petition to revoke Appellant's probation, the trial court appointed attorney Allan Hawkins to represent Appellant in the revocation hearing. On November 4, 1993, Hawkins filed separate motions for speedy trial, release from jail, and jury trial.[1] On November 15, 1993, Hawkins filed a Motion for Appointment of an Effective and Competent Attorney wherein he alleged he was incompetent to represent Appellant in a criminal matter.

On November 19, 1993, Hawkins filed a Motion for Dismissal, claiming a failure to afford Appellant a speedy trial. On the same day, attorney Paul White filed notice of appearance, advising the trial court he had been retained by Appellant to represent Appellant in the revocation proceeding. It was through White that Appellant entered his plea of true on January 24, 1994. On February 16, 1994, Hawkins filed a Notice Of Appeal, characterizing himself as "attorney for Gilberto Perez for the limited purpose of seeking effective counsel."

## II. *DISCUSSION*

Appellant attacks the judgment revoking probation by three points of error. In his first point of error, Appellant claims he was denied the effective assistance of counsel because Hawkins did not participate in the negotiation and entry of Appellant's plea of true. In his second point of error, Appellant claims he was denied a speedy trial. In his third point of error, Appellant claims he has a right to a jury trial on his probation revocation.

■ The State calls into question the jurisdiction of this Court to hear this appeal. We must review the assertions because appellate courts are required to review challenges to their jurisdiction properly raised at any time before the issuance of its mandate. *Riley v. State*, 825 S.W.2d 699, 700 (Tex.Crim.App.1992); *Jones v. State*, 857 S.W.2d 108, 112 (Tex.App.—Corpus Christi 1993, no pet.).

■ As noted above, Appellant entered a negotiated plea of true and was sentenced in accordance with the plea bargain agreement. The record reflects that Appellant executed a written waiver of appeal after he had been sentenced. The State contends that because Appellant executed a valid waiver of appeal at the conclusion of his revocation hearing, he is barred from appealing without the permission of the trial court. Given the circumstances of the instant case, we agree.

The waiver is entitled "Waiver of Defendant's Rights to Appeal" and reads in pertinent part as follows:

I, the defendant, after having been adjudged guilty in the above entitled and numbered cause of an offense against the laws of this state, and my punishment therefor having been assessed by the Court, and after being informed by the Court of my right to request permission of the trial Court to appeal this case, and after being informed by the Court that if permission to appeal should be granted or if I should appeal on matters raised by written motion filed prior to trial, I have the right to be represented on appeal by an attorney of my choice, or if I am too poor to pay for such attorney or for the record for such appeal, that the Court will, without expense to me, provide an attorney and a proper record for such an appeal, and after consulting with my attorney, do

1. "It is well settled that a proceeding to revoke probation is not a "trial" as the term is used by the Constitution in reference to criminal cases, and hence [A]ppellant is not entitled to a jury trial therein." *Hood v. State*, 458 S.W.2d 662 (Tex.Crim.App.1970) (citations omitted).

hereby voluntarily, knowingly and intelligently WAIVE MY RIGHT TO APPEAL. [Emphasis in original].

The waiver of appeal was signed by Appellant. The waiver was also signed by Appellant's attorney, Paul White, who stated in writing that he had consulted with and had advised Appellant of his right to appeal, and that he concurred in Appellant's voluntary, knowing, and intelligent waiver of his right to appeal. The trial court then made the following written findings: "The Court finds that the defendant understands his right to appeal ... and that he understands the consequences of waiving such right[ ], and that the defendant voluntarily, knowingly and intelligently waived such right[ ], and said waiver is approved and accepted by the Court." The waiver of appeal was made an express part of the plea bargain and is contained in a document entitled "Statement of Plea Agreement.[2]" The agreement was also made a part of the trial court's written judgment.[3] The punishment assessed by the trial court was in accordance with the plea agreement.

■■■ It is well established that a criminal defendant may waive any of the rights secured him by law, including the right to appeal. TEX.CODE CRIM.PROC.ANN. art. 1.14(a) (Vernon Supp.1994); *White v. State*, 833 S.W.2d 339, 340 (Tex.App.—Beaumont 1992, pet. ref'd), *cert. denied*, —— U.S. ——, 113 S.Ct. 1327, 122 L.Ed.2d 712 (1993). A knowing and intelligent waiver of the right to appeal operates to prevent a defendant from appealing without the consent of the trial court. *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex.Crim.App.1978); *Smith v. State*, 858 S.W.2d 609, 611 (Tex.App.—Amarillo 1993, pet. ref'd). Appellant is deemed to have knowingly and voluntarily agreed to the terms of the plea bargain as set forth by his trial counsel unless he shows otherwise. *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex. Crim.App.1982), *cert. denied*, 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1336 (1983); *Smith*, 858 S.W.2d at 611. No attack on the waiver of the right to appeal will be entertained in the absence of factual allegations supporting the claim that the waiver was coerced or involuntary. *Tabor*, 565 S.W.2d at 946. Merely filing a notice of appeal is not sufficient to overcome the prior waiver of appeal. *Id.*

We have reviewed the record and Appellant's brief to determine whether Appellant has sustained his burden of demonstrating that his waiver of appeal was coerced or involuntary and that he did not knowingly and voluntarily agree to the terms of the plea bargain. Although Hawkins, purportedly on behalf of Appellant, has alleged in very general terms that he was incompetent[4] and did not advise Appellant, Hawkins has made no independent effort to show that Appellant's waiver of appeal was involuntary or coerced as a result of his deficient performance or for some other reason. Hawkins has leveled only unsupported allegations that Appellant's plea and waiver were involuntary. These allegations are based merely on Hawkins' failure to advise Appellant[5], and ignore the

---

2. The document reflects that the terms of the plea bargain were as follows: "Defendant to plead 'true' to all violations described in 'Exhibit A' ... and stipulate in writing to facts constituting a judicial confession, and **waive the defendant's right to appeal, if the punishment does not exceed that agreed to by the parties.**" [Emphasis added]. The document was signed by the attorney for the State, by Appellant, and by his attorney, Paul White.

3. The judgment contains a section entitled "Terms of Plea Agreement," and it states therein the following: "Defendant to plead 'true' to all violations described in 'Exhibit A' ... and stipulate in writing to facts constituting a judicial confession, and **waive the defendant's right to appeal, if the punishment does not exceed that agreed to by the parties.**" [Emphasis added].

4. In the last sentence of the penultimate paragraph of a post-submission document entitled only "Brief," Hawkins, purportedly on behalf of Appellant, for the first time expressly alleges that White did not provide effective assistance. Hawkins, however, makes only conclusory allegations, failing to provide even a cursory explanation of precisely how or why White's representation did not constitute effective assistance.

5. Hawkins, again purporting to act on behalf of Appellant, here assiduously ignores the inconsistency of this argument with his previously filed Motion for Appointment of an Effective and Competent Attorney, which claimed he was incompetent to represent Appellant in this matter and sought the appointment of an attorney well versed in criminal law. We find these arguments meaningfully incongruous.

advice provided him by Paul White. We find that Appellant has failed to sustain his burden of alleging and proving that his waiver of appeal was involuntary or coerced and that he did not knowingly and voluntarily agree to the terms of the plea bargain.

To the contrary, the record before us is quite clear that Appellant, after being advised by counsel, knowingly and voluntarily pled true to the motion to revoke and voluntarily waived his right to appeal as part of the plea bargain. He accepted the benefit of the bargain, namely, a reduction of his sentence from a maximum of 99 years' confinement to a term of 10 years, and he must be held to the bargain he made. *Smith,* 858 S.W.2d at 612–13. Because the record does not reflect that Appellant has appealed with the permission of the trial court, we have no authority to review his points of error. *See Tabor,* 565 S.W.2d at 946; *Smith,* 858 S.W.2d at 613. Accordingly, this appeal is dismissed for want of jurisdiction.

Although we dismiss the attempted appeal, we discern a disturbingly uncomfortable relationship between Appellant and Hawkins. In this regard, we note that "[t]he logical prerequisite to an attorney pursuing an appeal is that his client desires to appeal." *Ex parte Galvan,* 770 S.W.2d 822, 823 (Tex.Crim.App. 1989). "The decision to appeal belongs to the client." *Ex parte Axel,* 757 S.W.2d 369, 374 (Tex.Crim.App.1988).

In the instant case, Appellant has clearly and unequivocally manifested his desire not to pursue an appeal of his conviction and sentence. In an August 3, 1994, hearing ordered by this Court to determine whether Appellant wished to prosecute this appeal, the following exchange occurred between Appellant and the State's attorney:

Q. Are you acquainted with Mr. Allan Hawkins?

A. This is the first time I've seen him.

. . . .

Q. Okay. So ... you hire Mr. Paul White to represent you?

A. Yes, sir.

Q. All right, sir. And you heard his testimony here today that he talked to the lawyer for the State of Texas and worked out a plea bargain agreement?

A. Yes, sir.

Q. And did he come to you and talk to you about that?

A. Yes, sir.

Q. And did you agree to that?

A. Yes, sir.

Q. That's something you wanted to do?

A. Yes, sir.

Q. All right. And then subsequently on January 24th of 1994, you entered into a plea of true to the motion to revoke your probation in this courtroom?

A. Yes, sir.

Q. Is that right?

A. Yes, sir.

Q. Before this judge?

A. Yes, sir.

Q. All right. And your attorney, Mr. Paul White, was with you?

A. Yes, sir.

. . . .

Q. Okay. Now, you remember when you pled true to the Court before you went to boot camp?

A. Yes, sir.

Q. On the motion to revoke probation?

A. Yes, sir.

Q. And then the Court found you guilty and sentenced you to 10 years in prison with a recommendation that you go to boot camp, remember that?

A. Yes, sir.

Q. Now, let me show you what is marked here as State's Exhibit R–8, which is a Waiver of Defendant's Right to Appeal.... Do you see your signature on there?

A. Yes, sir.

Q. Did you go over that with Mr. White?

A. Yes, sir.

Q. And did you understand that by signing this document that you were giving up and waiving your right to appeal the case?

A. Yes, sir.

Q. Is that what you wanted to do at the time?

A. At that time, I wanted just to take boot camp. Anything to get out of jail.

Q. Okay. But you didn't want to appeal your case?

A. Not with this guy, with Mr. Hawkins.

. . . .

Q. Okay. But after you went in before the Court and you pled true to the motion to revoke your probation back on January 24, 1994, and the Court found you guilty and assessed your punishment, you know, and ordered that you go to boot camp, you remember that?

A. Yes, sir.

Q. After that point in time, did Mr. Allan Hawkins ever talk to you about whether you wanted to appeal that decision?

A. No, sir.

Q. Okay. So you didn't even know that this was on appeal?

A. No, sir.

Q. How did you find out it was on appeal?

A. My attorney told me, Mr. Paul White.

Q. Okay. And is it your testimony that you don't want to appeal this case?

A. I don't want to appeal it, sir.

■ Thus, even if Appellant had not waived his right to appeal without permission from the trial court, the absence of which deprives this Court of jurisdiction, we find that this appeal would nevertheless be barred because it was prosecuted without the consent of Appellant.

Having found that Appellant knowingly and voluntarily gave up his right to appeal the judgment of revocation of probation, and having found that the instant appeal is being prosecuted without Appellant's consent, we dismiss Appellant's attempted appeal for want of jurisdiction.