NUMBER 13-98-00568-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


PATRICK ALLEN DURHAM, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Kleberg County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez


Opinion by Justice Yañez


 Following the trial court's denial of his pre-trial motion to suppress
evidence, Patrick Allen Durham, appellant, pleaded guilty to the offense
of possession of a controlled substance. See Tex. Health & Safety Code
Ann. §481.115 (Vernon Supp. 2000). On September 9, 1998, pursuant
to a plea agreement, the trial court deferred an adjudication of guilt and
placed him on community supervision for a period of two years,
imposed a fine of $100, and ordered restitution in the amount of $250. 
On September 30, 1998, Durham appealed,(1) contending the trial court
erred in denying his pre-trial motion to suppress evidence.(2) We hold
that he waived his right to appeal and dismiss.

 A criminal defendant may waive many of his rights, including the
right of appeal. Turner v. State, 956 S.W.2d 789, 790 (Tex. App.--Waco
1997, no pet.); Perez v. State, 885 S.W.2d 568, 570 (Tex. App.--El Paso
1994, no pet.). A knowing and intelligent waiver of the right to appeal
is binding on the defendant and prevents him from appealing any issue
in the cause without the consent of the court. Turner, 956 S.W.2d at
790; Perez, 885 S.W.2d at 570. Appellant is deemed to have knowingly
and voluntarily agreed to the terms of the plea bargain as set forth by
his trial counsel unless he shows otherwise. Perez, 885 S.W.2d at 570
(citations omitted). No attack on the waiver of the right to appeal will
be entertained in the absence of factual allegations supporting the claim
that the waiver was coerced or involuntary. Id. 

 
Appellant waived his right to appeal all pre-trial motions pursuant
to a plea agreement entered into with the State. The waiver was made
an express part of the plea bargain and is contained in a document
entitled "Plea Agreement." The agreement states, in pertinent part:

The defendant, Patrick A. Durham, . . . agrees:

. . . .

to plead guilty/nolo contendere to the offense of possession
of a controlled substance less than one (1) gram.


To waive all pretrial motions on file.


To waive his right against self-incrimination and make a
written/oral judicial confession under oath.


To be punished as recommended by the State.

. . . .

The defendant understands the following:

. . . .

(2) that if the punishment assessed does not exceed the
punishment recommended by the prosecutor and agreed to
by the defendant and his attorney he cannot appeal his
conviction without permission of the Court for jurisdictional
defects or errors that occurred before entry of the plea;


 In exchange, the State agreed to recommend deferred
adjudication, community supervision for a period of two years, a fine of
$100, and restitution in the amount of $250. The punishment assessed
by the trial court was in accordance with the plea agreement. Durham
and his attorney signed the plea agreement.

 The record before us does not indicate that Durham obtained the
permission of the trial court to appeal his conviction. Further, he has
made no claim that his waiver of appeal was coerced or involuntary or
that he did not knowingly and voluntarily agree to the terms of the plea
agreement. 

 We hold Durham knowingly and voluntarily waived his right to
appeal as part of the plea agreement. The appeal is dismissed.



 ________________________ 

 LINDA REYNA YAÑEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 15th day of June, 2000.

 

 


 



1. In 1987, the Legislature enacted article 44.01(j) of the Texas Code of Criminal
Procedure, which provides that a defendant may appeal where punishment is
assessed in conformance with the deferred adjudication statute. See Tex. Code Crim.
Proc. Ann. art. 44.01(j) (Vernon Supp. 2000); Kirby v. State, 883 S.W.2d 669, 671 n.3
(Tex. Crim. App. 1994) (noting that article 44.01(j) allows a criminal defendant to 
appeal even though he has received deferred adjudication and has not been
adjudicated guilty); Schooler v. State, 12 S.W.3d 842, 844 (Tex. App.--Texarkana
2000, pet. ref'd). 
2. Durham's notice of appeal stated that the trial court overruled his motion to
suppress on September 3, 1998. Thus, the notice of appeal complies with Texas Rule
of Appellate Procedure 25.2(b)(3)(B). See Tex. R. App. P. 25.2(b)(3)(B).