Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

TAIWAN LADELL CHANCE,
)
 No. 08-02-00425-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 363rd District Court

)


THE STATE OF TEXAS,
)
 of Dallas County, Texas

)


 Appellee.
)
 (TC# F-0055399-MW)


MEMORANDUM OPINION



 Taiwan Ladell Chance appeals from his conviction of aggravated sexual assault of a child. 
Following a finding of guilt by the jury, Appellant entered into a negotiated plea agreement with the
State. Pursuant to that agreement, the trial court assessed Appellant's punishment at imprisonment
for a term of eight years. Appellant challenges the legal and factual sufficiency of the evidence to
support his conviction. We dismiss the appeal for want of jurisdiction because Appellant validly
waived his right to appeal and the trial court has not given him permission to appeal.

FACTUAL SUMMARY


 Prior to trial, Appellant made a written election that the jury assess punishment and he
entered a plea of not guilty before the jury. After the jury found that Appellant intentionally and
knowingly sexually assaulted the complainant, Appellant, with the State's agreement, withdrew his
punishment election and requested that the court assess punishment. Appellant also entered into an
agreement with the State regarding punishment. In exchange for Appellant giving up his right to
appeal, the State agreed to recommend that the trial court assess punishment at imprisonment for
eight years. The trial court sentenced Appellant in accordance with that recommendation. Despite
his waiver of appeal, Appellant subsequently filed a notice of appeal.

LEGAL AND FACTUAL SUFFICIENCY
 

 In his sole point of error, Appellant contends that the evidence is legally and factually
insufficient to show that he intentionally or knowingly sexually assaulted the complainant. The State
responds that we lack jurisdiction to review these contentions because Appellant validly waived his
right to appeal. We agree.

 It is well established that a criminal defendant may waive any of the rights secured him by
law, including the right to appeal. Tex .Code Crim.Proc.Ann. art. 1.14(a)(Vernon Supp. 2003);
Perez v. State, 885 S.W.2d 568, 570 (Tex.App.--El Paso 1994, no pet.). A valid waiver of appeal,
whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent
of the trial court. Monreal v. State, 99 S.W3d 615 (Tex.Crim.App. 2003); see Ex parte Tabor, 565
S.W.2d 945, 946 (Tex.Crim.App. 1978); Smith v. State, 858 S.W.2d 609, 611 (Tex.App.--Amarillo
1993, pet. ref'd). When a defendant has bargained for a sentencing recommendation from the
prosecution in exchange for waiving his right to appeal, as in the instant case, there is no valid or
compelling reason why he should not be held to his bargain. Blanco v. State, 18 S.W.3d 218, 219
(Tex.Crim.App. 2000). No attack on the waiver of the right to appeal will be entertained in the
absence of factual allegations supporting the claim that the waiver was coerced or involuntary. 
Tabor, 565 S.W.2d at 946; Perez, 885 S.W.2d at 570. Merely filing a notice of appeal is not
sufficient to overcome the prior waiver of appeal. Tabor, 565 S.W.2d at 946; Perez, 885 S.W.2d
at 570. 

 Our review of the record shows that Appellant knowingly and voluntarily waived his right
to appeal in exchange for the prosecutor's punishment recommendation. Significantly, Appellant
has not disavowed his waiver of appeal and the trial court has not granted permission to appeal. 
Appellant was "fully aware of the likely consequences" when he waived his right to appeal, and it
is "not unfair to expect him to live with those consequences now." Blanco, 18 S.W.3d at 220,
quoting Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 2547-48, 81 L.Ed.2d 437 (1984). Because
Appellant validly waived the right to appeal and he has not appealed with the permission of the trial
court, we have no authority to review any points of error he has raised on appeal. See Tabor, 565
S.W.2d at 946; Perez, 885 S.W.2d at 571; Smith, 858 S.W.2d at 613. Accordingly, this appeal is
dismissed for want of jurisdiction.



July 24, 2003 /s/ Ann Crawford McClure 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)