Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
WILLIAM MILLER,                                       )                  No. 08-05-00341-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  243rd District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 970D06334)

O P I N I O N

            William Miller attempts to appeal from a conviction of aggravated assault with a deadly
weapon. Finding that Appellant has executed a valid waiver of the right of appeal and the trial court
has not granted permission to appeal, we dismiss the appeal.
            Appellant filed a notice of appeal indicating that he intended to appeal the trial court’s ruling
on a pretrial motion to dismiss for a speedy trial violation. Upon receiving the trial court’s
certification


 stating that Appellant had waived the right of appeal, this Court requested that
Appellant file an informal brief addressing whether he had a right of appeal. In his response,
Appellant admits that the plea papers reflect that he waived his right to appeal, but asserts that there
is also language regarding his limited right to appeal matters raised by written motion filed and ruled
on before trial. He argues that this conflict creates an ambiguity and militates in favor of the right
to appeal. Additionally, he contends that he believed he had a right to appeal the denial of a pretrial
motion, and therefore, he did not voluntarily waive his limited right to appeal that issue. 
            A criminal defendant may waive any of the rights secured him by law, including the right to
appeal. Tex.Code Crim.Proc.Ann. art. 1.14(a)(Vernon 2005); Perez v. State, 885 S.W.2d 568, 570
(Tex.App.--El Paso 1994, no pet.). A waiver of the right to appeal that was made voluntarily,
knowingly, and intelligently is valid and will prevent a defendant from appealing without the consent
of the trial court. Monreal v. State, 99 S.W.3d 615, 617 (Tex.Crim.App. 2003); Ex parte Tabor, 565
S.W.2d 945, 946 (Tex.Crim.App.1978). No attack on the waiver of the right to appeal will be
entertained in the absence of factual allegations supporting the claim that the waiver was coerced or
involuntary. Tabor, 565 S.W.2d at 946; Perez, 885 S.W.2d at 570. Merely filing a notice of appeal
is not sufficient to overcome the prior waiver of appeal. Perez, 885 S.W.2d at 570. 
            Our first inquiry, then, is whether Appellant’s waiver of his right to appeal was made
voluntarily, knowingly, and intelligently. The record indicates that it was. Appellant signed a
document entitled, “Court’s Notice to Defendant of Rights, Written Admonishments, Waiver of
Rights, Judicial Confession, and Plea Agreement.” In the section of the admonishments pertaining
to the recommendation for punishment, the document states:
 
If you have entered into a plea agreement with the attorney representing the State of
Texas, and the Court elects not to follow that agreement by sentencing you in excess
of that agreement, you will be permitted to withdraw your plea of guilty.
 
If, however, the punishment assessed by the Court in this case does not exceed the
punishment recommended by the attorney representing the State of Texas and agreed
to by you, the defendant, and your attorney, the Court must give you permission
before you may prosecute an appeal on any matter in the case except for those
matters raised by written motion filed and heard prior to trial.
 
I, the undersigned defendant, acknowledge I have read this page and understand its
content. 

This page bears Appellant’s signature. 

            Later in the same document, in a section titled, “Acknowledgements and Waivers,” Appellant
waived his right to appeal as follows:
I, the undersigned defendant, have also been informed of my right to pursue a motion
for new trial and/or appeal, and that I may waive this right, and after having consulted
with my attorney, I do hereby voluntarily, knowingly and intelligently waive my right
to appeal.

Appellant’s signature is found at the bottom of this page. 
            Included in the plea papers is an “Acknowledgement of Counsel,” signed by Appellant’s
attorney, which states that counsel explained to Appellant all of the rights to which he is entitled,
including the right to file a motion for new trial and to appeal, and that Appellant understood the
admonishments and was aware of the consequences of his plea. Additionally, counsel certified to
the trial court that Appellant had freely and voluntarily waived his rights as set forth in the plea
papers and counsel joined with Appellant in the waiver of those rights. The plea papers also include
the “Court’s Findings, Approval, and Order” in which the trial court found that Appellant understood
the consequences of waiving the right to file a motion for new trial and to appeal, and that Appellant
voluntarily, knowingly, and intelligently waived those rights. The court expressly accepted each of
Appellant’s waivers.
            There is nothing in the clerk’s record or the reporter’s record that contradicts the validity of
the waivers of the right to appeal. We cannot agree with Appellant’s assertion that the trial court’s
admonishment of the right to appeal followed by Appellant’s waiver of the right to appeal created
any ambiguity regarding Appellant’s intent to appeal or the validity of his waiver of the right to
appeal. Accordingly, we conclude that Appellant voluntarily, knowingly, and intelligently waived
his right to appeal. Because the trial court has not given Appellant permission to appeal, we dismiss
the appeal.

February 23, 2006                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)