Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






JOSHUA ADAMS BYLAND

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-06-00309-CR

Appeal from the

243rd Judicial District Court
of El Paso County, Texas 

(TC# 20060D01524)



 

 

 





MEMORANDUM OPINION

            Appellant Joshua Adams Byland attempts to appeal a conviction for intoxication
manslaughter. Appellant pled guilty to the offense and, in accordance with his plea agreement,
the trial court sentenced Appellant to 3 years’ imprisonment in the Institutional Division of the
Texas Department of Criminal Justice. Finding that Appellant has executed a valid waiver of the
right of appeal and the trial court has not granted permission to appeal, we dismiss the appeal.
            Rule 25.2(a)(2) governs the defendant’s right to appeal in a criminal case:
 
A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification
of the defendant’s right of appeal in every case in which it enters a judgment of
guilt or other appealable order. In a plea bargain case--that is, a case in which
defendant’s plea is guilty or nolo contendere and the punishment did not exceed
the punishment recommended by the prosecutor and agreed to by the defendant--a
defendant may appeal only:
 
(A)those matters that were raised by written motion filed and ruled on
before trial, or
 
(B)after getting the trial court’s permission to appeal.

Tex.R.App.P. 25.2(a)(2).

            Article 44.02 of the Texas Code of Criminal Procedure provides:
 
A defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed, provided, however, before the defendant who has been
convicted upon either his plea of guilty or plea of nolo contendere before the court
and the court, upon the election of the defendant, assesses punishment and the
punishment does not exceed the punishment recommended by the prosecutor and
agreed to by the defendant and his attorney may prosecute his appeal, he must
have permission of the trial court, except on those matters which have been raised
by written motion filed prior to trial. This article in no way affects appeals
pursuant to Article 44.17 of this chapter.

Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979).

            Appellant filed a notice of appeal on November 9, 2006, intending to appeal the trial
court’s ruling on a pretrial motion to dismiss. On November 14, 2006, the Clerk’s Office
notified Appellant that the trial court has indicated in the court’s certification that this is a plea-bargain case and Appellant has no right of appeal in this case and requested a response. By letter
brief dated November 17, 2006, Appellant urges to the Court that he should be entitled to an
appeal because the plea papers he signed were confusing and contradictory, thus his waiver of the
right to appeal was not made knowingly and voluntarily.
            A criminal defendant may waive any of the rights secured him by law, including the right
to appeal. Tex.Code Crim.Proc.Ann. art. 1.14(a)(Vernon 2005); Perez v. State, 885 S.W.2d
568, 570 (Tex.App.--El Paso 1994, no pet.). A waiver of the right to appeal that was made
voluntarily, knowingly, and intelligently is valid and will prevent a defendant from appealing
without the consent of the trial court. Monreal v. State, 99 S.W.3d 615, 617 (Tex.Crim.App.
2003); Ex parte Tabor, 565 S.W.2d 945, 946 (Tex.Crim.App. 1978). No attack on the waiver of
the right to appeal will be entertained in the absence of factual allegations supporting the claim
that the waiver was coerced or involuntary. Tabor, 565 S.W.2d at 946; Perez, 885 S.W.2d at
570. Merely filing a notice of appeal is not sufficient to overcome the prior waiver of appeal. 
Perez, 885 S.W.2d at 570.
            Here, Appellant signed a document entitled, “Court’s Notice to Defendant of Rights,
Written Admonishments, Waiver of Rights, Judicial Confession, and Plea Agreement.” In the
section of the admonishments pertaining to the recommendation for punishment, the document
states:
If you have entered into a plea agreement with the attorney representing
the State of Texas, and the Court elects not to follow that agreement by sentencing
you in excess of that agreement, you will be permitted to withdraw your plea of
guilty.
 
If, however, the punishment assessed by the Court in this case does not
exceed the punishment recommended by the attorney representing the State of
Texas and agreed to by you, the defendant, and your attorney, the Court must give
you permission before you may prosecute an appeal on any matter in the case
except for those matters raised by written motion filed and heard prior to trial.
 
I, the undersigned defendant, acknowledge I have read this page and understand
its content. 

Appellant’s signature appears at the bottom of this page. Later in the same document, in a
section titled, “Acknowledgments and Waivers,” Appellant waived his right to appeal as follows:
I, the undersigned defendant, have also been informed of my right to
pursue a motion for new trial and\or appeal, and that I may waive this right, and
after having consulted with my attorney, I do hereby voluntarily, knowingly and
intelligently waive my right to appeal . . . .”

Appellant’s signature appears at the bottom of this page. Included in the plea papers is an
“Acknowledgment of Counsel,” signed by Appellant’s attorney, which states that counsel
explained to Appellant all of the rights to which he is entitled, including the right to file a motion
for new trial and to appeal, and that Appellant understood the admonishments and was aware of
the consequences of his plea. Further, counsel certified to the trial court that Appellant had freely
and voluntarily waived his rights as set forth in the plea papers and counsel joined with Appellant
in the waiver of those rights. In the “Court’s Findings, Approval, and Order,” the trial court
found that Appellant understood the consequences of waiving the right to file a motion for new
trial and to appeal, and that Appellant voluntarily, knowingly, and intelligently waived those
rights. The trial court expressly accepted each of Appellant’s waivers.
            Appellant asserts that the admonishments section and acknowledgments and waivers
section in the plea papers are contradictory, thus it would be difficult to argue that he gave up his
right to appeal knowingly and intelligently. We disagree. The plea papers include a general
admonishment advising Appellant of his limited right to appeal a plea-bargained guilty plea and,
later in the same document, Appellant knowingly and voluntarily waived that right. We find
nothing confusing or contradictory about the two sections of the plea papers such that the validity
of the Appellant’s waiver of the right to appeal could be called into question. The trial court
certified that this is a plea-bargain case and that Appellant has no right to appeal. The plea
papers indicate that Appellant voluntarily, knowingly, and intelligently waived his right to
appeal. Because the trial court has not given Appellant permission to appeal, we dismiss the
appeal.

December 14, 2006
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)