Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





JOSE BRITO, 


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 

No. 08-06-00228-CR



Appeal from the

 

384th Impact Court

of El Paso County, Texas 


(TC# 20050D00108)






MEMORANDUM OPINION


 Jose Brito attempts to appeal from his conviction following a guilty plea and subsequent
sentencing. Because we find that Appellant has executed a valid waiver of the right of appeal
and the trial court has not granted him permission to appeal, we dismiss the appeal.

 Appellant pled guilty to possession of a controlled substance and was sentenced to 7
years' community supervision. Prior to his plea and sentencing, Appellant filed a motion to
suppress which, following a hearing, the trial court denied. Appellant timely filed a notice of
appeal from his conviction and sentencing. The State filed a motion to dismiss the appeal for
want of jurisdiction, submitting that Appellant had waived his right to appeal. Appellant filed a
response in which he urges this Court to find that he did not waive his right to appeal the denial
of his motion to suppress.

 As part of the plea-bargain, Appellant acknowledged that "I, the undersigned defendant,
have also been informed of my right to pursue a motion for new trial and/or appeal, and that I
may waive this right, and after having consulted with my attorney, I do hereby voluntarily,
knowingly and intelligently waive my right to appeal." Counsel for Appellant also signed, as
part of the plea agreement, an "Acknowledgment of Counsel" certifying that Appellant had
waived his rights and was fully aware of the terms of the plea agreement as well as the
consequences of entering into the plea agreement. The trial court certified Appellant's right to
appeal and he filed a notice of appeal.

 Pending before the Court is the State's motion to dismiss the appeal, which was filed on
March 23, 2007. The clerk's record establishes the punishment assessed by the court does not
exceed the punishment that was recommended by the State and agreed to by the defendant.
Generally, "[i]n a plea bargain case . . . a defendant may appeal only: (A) those matters that were
raised by written motion filed and ruled on before trial, or (B) after getting the trial court's
permission to appeal." Tex.R.App.P. 25.2(a)(2). However, as part of his plea-bargain, Appellant
signed a waiver of this limited right of appeal.

 A defendant in a noncapital case may waive any right secured to him by law, including
the right to appeal. Tex.Code Crim.Proc.Ann. art. 1.14(a)(Vernon 2005); Monreal v. State, 99
S.W.3d 615, 617 (Tex.Crim.App. 2003). A valid waiver which is voluntarily, knowingly, and
intelligently made will prevent a defendant from appealing a conviction absent permission from
the trial court. Monreal, 99 S.W.3d at 617. No attack on the waiver of the right to appeal will be
entertained in the absence of factual allegations supporting a claim that the waiver was coerced
or involuntary. Ex parte Tabor, 565 S.W.2d 945, 946 (Tex.Crim.App. 1978); Perez v. State, 885
S.W.2d 568, 570 (Tex.App.--El Paso 1994, no pet.). Merely filing a notice of appeal is
insufficient to overcome the prior waiver of appeal. Perez, 885 S.W.2d at 570.

 The clerk's record does not indicate the trial court gave Appellant permission to appeal.
On the contrary, the record indicates that although the trial court certified Appellant's right to
appeal, it did not give Appellant permission to do so. Appellant may not appeal without the
permission of the trial court. Monreal, 99 S.W.3d at 622. Thus, we have no jurisdiction to
consider Appellant's appeal. Consequently, we dismiss the appeal.




May 17, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)