Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





DAVID CORRAL, 


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 

No. 08-06-00270-CR



Appeal from the


384th Impact Court

of El Paso County, Texas 


(TC# 20050D04663)





M E M O R A N D U M O P I N I O N


 David Corral attempts to appeal from his conviction following a guilty plea and
subsequent sentencing. Because we find that Appellant has executed a valid waiver of the right
of appeal and the trial court has not granted him permission to appeal, we dismiss the appeal.

 Appellant pled guilty to possession of less than five pounds of marihuana and was
sentenced to 180 days confinement in a state jail facility. Prior to his plea and sentencing,
Appellant filed motions to suppress the evidence and statements he made to the police after his
arrest. He also filed a motion to dismiss the indictment for lack of jurisdiction, citing the State's
failure to try him within 120 days as required by the Interstate Agreement on Detainers Act. 
Tex.Code Crim.Proc.Ann. art. 51.14 IV(c)(Vernon 2006). Following a hearing, the trial court
denied the motion to dismiss. The record does not contain any ruling or findings regarding
Appellant's motion to suppress.

 Following the trial court's denial of his motion to dismiss, Appellant pled guilty. 
Following his guilty plea, Appellant filed a motion for new trial which was overruled by the trial
court.

 Appellant timely filed a notice of appeal from his conviction and sentencing. The State
filed a motion to dismiss the appeal for want of jurisdiction, submitting that Appellant had
waived his right to appeal. Appellant filed a response in which he urges this Court to find that he
did not waive his right to appeal the denial of his motion to dismiss in the trial court.

 As part of the plea-bargain, Appellant acknowledged that "I, the undersigned defendant,
have also been informed of my right to pursue a motion for new trial and/or appeal, and that I
may waive this right, and after having consulted with my attorney, I do hereby voluntarily,
knowingly, and intelligently waive my right to appeal." Counsel for Appellant also signed, as
part of the plea agreement, an "Acknowledgment of Counsel" certifying that Appellant had
waived his rights and was fully aware of the terms of the plea agreement as well as the
consequences of entering into the plea agreement. The trial court certified Appellant's right to
appeal, stating that this "is a plea-bargain case, but matters were raised by written motion filed
and ruled on before trial, and not withdrawn or waived, and the Defendant has the right of
appeal." Defendant filed his notice of appeal in the same document.

 Pending before the Court is the State's motion to dismiss the appeal, which was filed on
July 2, 2007. The record establishes the punishment assessed by the court does not exceed the
punishment that was recommended by the State and agreed to by the defendant. Generally, "[i]n
a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial, or (B) after getting the trial court's permission to
appeal." Tex.R.App.P. 25.2(a)(2). Although Appellant filed pretrial motions that were ruled on
before trial, he also, as part of his plea-bargain, signed a waiver of this limited right of appeal.

 A defendant in a noncapital case may waive any right secured to him by law, including
the right to appeal. Tex.Code Crim.Proc.Ann. art. 1.14(a)(Vernon 2005); Monreal v. State, 99
S.W.3d 615, 617 (Tex.Crim.App. 2003). A valid waiver which is voluntarily, knowingly, and
intelligently made will prevent a defendant from appealing a conviction absent permission from
the trial court. Monreal, 99 S.W.3d at 617. No attack on the waiver of the right to appeal will be
entertained in the absence of factual allegations supporting a claim that the waiver was coerced
or involuntary. Ex Parte Tabor, 565 S.W.2d 945, 946 (Tex.Crim.App. 1978); Perez v. State, 885
S.W.2d 568, 570 (Tex.App.--El Paso 1994, no pet.). Merely filing a notice of appeal is
insufficient to overcome the prior waiver of appeal. Perez, 885 S.W.2d at 570.

 Although Appellant filed pretrial motions, heard and ruled on before trial, and the trial
court certified his right to appeal, Appellant waived his appeal rights in signing the plea
agreement. Accordingly, we have no jurisdiction to consider Appellant's appeal and we dismiss
this appeal for want of jurisdiction. 




August 2, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)