COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






ALONSO PEREZ,


 Appellant,


v.




THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-05-00403-CR




Appeal from the



384th Impact Court



of El Paso County, Texas 



(TC# 20050D00601) 



O P I N I O N


 Alonso Perez appeals his conviction of possession of more than 50 but less than 2,000
pounds of marihuana. Appellant waived his right to a jury trial and entered a negotiated plea of
guilty. In accordance with the plea bargain, the trial court deferred adjudication of guilt and
placed Appellant on community supervision for a period of 5 years. Appellant timely filed notice
of appeal. He raises a single issue on appeal challenging the trial court's denial of his motion to
suppress the evidence. The State filed a motion to dismiss the appeal because Appellant waived
his right to appeal and he has not obtained the trial court's permission to appeal the pretrial
ruling. We previously entered an order denying the State's motion to dismiss, but upon
reconsideration, we find that the State's motion to dismiss should have been granted.

 Generally, in a plea bargain case where the punishment imposed by the trial court does
not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the
defendant may appeal only: (A) those matters that were raised by written motion filed and ruled
on before trial; or (B) after getting the trial court's permission to appeal. Tex.Code
Crim.Proc.Ann. art. 44.02 (Vernon 2006); Tex.R.App.P. 25.2(a)(2). The record before us
establishes that Appellant, after being advised of this limited right to appeal in a plea bargain
case, signed a waiver of his right of appeal with the approval of his attorney.

 Appellant signed a document entitled, "Court's Notice to Defendant of Rights, Written
Admonishments, Waiver of Rights, Judicial Confession, and Plea Agreement." In the section of
the admonishments pertaining to the recommendation for punishment, the document states:

 If you have entered into a plea agreement with the attorney representing
the State of Texas, and the Court elects not to follow that agreement by sentencing
you in excess of that agreement, you will be permitted to withdraw your plea of
guilty.


 If, however, the punishment assessed by the Court in this case does not
exceed the punishment recommended by the attorney representing the State of
Texas and agreed to by you, the defendant, and your attorney, the Court must give
you permission before you may prosecute an appeal on any matter in the case
except for those matters raised by written motion filed and heard prior to trial.


 I, the undersigned defendant, acknowledge I have read this and the
previous page and understand its content.


Appellant's signature appears at the conclusion of this section. Later in the same document, in a
section titled, "Acknowledgement and Waivers," Appellant waived his right to appeal as
follows:

 I, the undersigned defendant, have also been informed of my right to
pursue a motion for new trial and/or appeal, and that I may waive this right, and
after having consulted with my attorney, I do hereby voluntarily, knowingly and
intelligently waive my right to appeal.


 I, the undersigned defendant, acknowledge I have read this and the
previous page and understand its content and signed it for the purpose stated
above.


Appellant's signature appears at the conclusion of this section. Included in the plea papers is an
"Acknowledgement of Counsel," signed by Appellant's attorney, which states that counsel
explained to Appellant all of the rights to which he is entitled, including the right to file a motion
for new trial and to appeal, and that Appellant understood the admonishments and was aware of
the consequences of his plea. Further, counsel certified to the trial court that Appellant had freely
and voluntarily waived his rights as set forth in the plea papers and counsel joined with Appellant
in the waiver of those rights. Finally, in the "Court's Findings, Approval, and Order" located at
the conclusion of the plea papers, the trial court found that Appellant understood the
consequences of waiving the right to file a motion for new trial and to appeal, and that Appellant
voluntarily, knowingly, and intelligently waived those rights. The trial court expressly accepted
Appellant's waivers, and gave its consent and approval to them. Thereafter, the trial court signed
a certification indicating that the appeal "is in a plea-bargain case, but is on matters that were
raised by written motion filed and ruled on before trial, and the defendant has the right to
appeal." The trial court did not indicate on the certification that the appeal was taken after
getting the court's permission to appeal.

 A defendant in a noncapital case may waive any right secured to him by law, including
the right to appeal. Tex.Code Crim.Proc.Ann. art. 1.14(a)(Vernon 2005); Monreal v. State, 99
S.W.3d 615, 617 (Tex.Crim.App. 2003). A valid waiver which is voluntarily, knowingly, and
intelligently made will prevent a defendant from appealing a conviction absent permission from
the trial court. Monreal, 99 S.W.3d at 617. No attack on the waiver of the right to appeal will be
entertained in the absence of factual allegations supporting a claim that the waiver was coerced
or involuntary. Ex parte Tabor, 565 S.W.2d 945, 946 (Tex.Crim.App. 1978); Perez v. State, 885
S.W.2d 568, 570 (Tex.App.--El Paso 1994, no pet.). Merely filing a notice of appeal is
insufficient to overcome the prior waiver of appeal. Perez, 885 S.W.2d at 570.

 Appellant has not challenged the validity of his waiver of the right to appeal. We have
previously held that a waiver of the right to appeal made under similar circumstances was valid. 
See Brito v. State, No. 08-06-00228-CR, 2007 WL 1454741 (Tex.App.--El Paso May 17, 2007,
no pet.)(mem. op., not designated for publication); Byland v. State, No. 08-06-00309-CR, 2006
WL 3683843, at *2 (Tex.App.--El Paso December 14, 2006, no pet.)(mem. op., not designated
for publication); Miller v. State, No. 08-05-00341-CR, 2006 WL 430281 at *1-2 (Tex.App.--El Paso February 23, 2006, pet. ref'd)(mem. op., not designated for publication). Based upon our
review of the record, we find that Appellant validly waived his limited right to appeal pretrial
rulings. Thus, he was required to obtain the trial court's permission to appeal. Monreal, 99
S.W.3d at 622. Appellant argues that the trial court's certification of his right to appeal
constitutes permission to appeal. We disagree. The trial court had the opportunity to indicate on
the certification that it had given Appellant permission to appeal but it did not do so, and there is
nothing else in the record indicating the court gave Appellant permission to appeal. We therefore
dismiss the appeal.


February 28, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)