

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00245-CR

STEPHEN CHRISTOPHER WRIGHT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 23,340-B, Honorable John B. Board, Presiding

October 17, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Stephen Christopher Wright, appeals the trial court's judgment convicting him of the offense of possession of a controlled substance, in an amount of four grams or more but less than 200 grams, with intent to deliver, and sentence of thirty years incarceration in the Texas Department of Criminal Justice, Institutional Division. Because appellant waived his right of appeal, we will grant the State's motion to dismiss.

An appeal must be dismissed unless a certification showing that the defendant has the right of appeal has been made part of the record. TEX. R. APP. P. 25.2(d). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. Monreal v. State, 99 S.W.3d 615, 622 (Tex.Crim.App. 2003).

A defendant in a noncapital case may waive any right secured to him by law, including the right to appeal. TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005); Monreal, 99 S.W.3d at 617. A valid waiver which is voluntarily, knowingly, and intelligently made will prevent a defendant from appealing a conviction absent permission from the trial court. Monreal, 99 S.W.3d at 617. No attack on the waiver of the right to appeal will be entertained in the absence of factual allegations supporting a claim that the waiver was coerced or involuntary. Ex parte Tabor, 565 S.W.2d 945, 946 (Tex.Crim.App. 1978); Perez v. State, 885 S.W.2d 568, 570 (Tex.App.—El Paso 1994, no pet.). Merely filing a notice of appeal is insufficient to overcome the prior waiver of appeal. Perez, 885 S.W.2d at 570.

As a condition of a plea bargain between appellant and the State, appellant was required to waive his right of appeal. He signed a waiver of his right of appeal after sentence was imposed. Further, during the trial court's admonishment of appellant regarding his guilty plea, the following exchange occurred:

> THE COURT: And just for the record, you guys specifically talked about the right to appeal the suppression issue.
>
> [PROSECUTOR]: He's waiving his right to appeal.
>
> THE COURT: Okay. And you – well, based on that, then, I will adopt and approve the admonishments, the waivers[,] and the judicial confession. Does the State have any additional evidence or testimony?

[PROSECUTOR]: No, Your Honor, other than part of the plea bargain was he waived his right to appeal on all aspects of the case, including the motion to suppress[, in] exchange [for] the 30 years.

Appellant has not challenged the validity of his waiver of the right to appeal. Rather, in response to the State's motion to dismiss, appellant contends that he is entitled to appeal the denial of his written, pretrial motion to suppress evidence. See TEX. R. APP. P. 25.2(a)(2)(A). While a defendant can generally appeal the denial of a written motion filed before trial, id., appellant could waive any right secured him by law, including the right to appeal written, pretrial motions, TEX. CODE CRIM. PROC. ANN. art. 1.14(a); Monreal, 99 S.W.3d at 617.

The trial court noted on the "Trial Court's Certification of Defendant's Right of Appeal" that this case "is a plea-bargain case, and the defendant has NO right of appeal," and that "the defendant has waived the right of appeal." Based upon our review of the record, we find that appellant voluntarily, knowingly, and intelligently waived his right of appeal, including his limited right to appeal pretrial rulings. See Dears v. State, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005). Thus, he was required to obtain the trial court's permission to appeal. Monreal, 99 S.W.3d at 622. Nothing in the record indicates that appellant obtained the trial court's permission to appeal.

Because appellant has no right of appeal, we must dismiss this appeal. See Chavez v. State, 183 S.W.3d 675, 680 (Tex.Crim.App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

3

Accordingly, we dismiss the appeal for want of jurisdiction. All pending motions are dismissed as moot.


Mackey K. Hancock
Justice


Do not publish.