

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-13-00375-CR, 07-13-00376-CR

WILLIAM LEE MCMILLAN, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 67,265-E, 67,397-E, Honorable Douglas Woodburn, Presiding

February 12, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, William Lee McMillian, Jr., appeals two judgments, each of which convict him of the offense of aggravated assault, include an affirmative finding that he used or exhibited a deadly weapon, and sentence him to twelve years' incarceration in the Texas Department of Criminal Justice, Institutional Division. Because appellant waived his right of appeal in each cause, we will dismiss the appeals.

An appeal must be dismissed unless a certification showing that the defendant has the right of appeal has been made part of the record. TEX. R. APP. P. 25.2(d). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 621 (Tex. Crim. App. 2003).

A defendant in a noncapital case may waive any right secured to him by law, including the right to appeal. TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005); *Monreal,* 99 S.W.3d at 617. A valid waiver which is voluntarily, knowingly, and intelligently made will prevent a defendant from appealing a conviction absent permission from the trial court. *Monreal,* 99 S.W.3d at 617. No attack on a waiver of the right to appeal will be entertained in the absence of factual allegations supporting a claim that the waiver was coerced or involuntary. *Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex. Crim. App. 1978); *Perez v. State,* 885 S.W.2d 568, 570 (Tex. App.—El Paso 1994, no pet.). Merely filing a notice of appeal is insufficient to overcome the prior waiver of appeal. *Perez,* 885 S.W.2d at 570.

As a condition of the plea bargains between appellant and the State, appellant was required to waive his right of appeal. The record reflects that the terms of appellant's plea bargains were that he would be found guilty of the charged offenses, that affirmative deadly weapon findings would be entered, and that he would be sentenced to twelve years' incarceration in both causes. The judgments reflect that the trial court accepted these plea bargains. Appellant signed waivers of his right of appeal after sentence was imposed in each cause.

The trial court noted on both of the "Trial Court's Certification of Defendant's Right of Appeal" that these cases are "a plea-bargain case, and the defendant has NO right of appeal," and that "the defendant has waived the right of appeal." Based upon our review of the record, we find that appellant voluntarily, knowingly, and intelligently waived his right of appeal. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Thus, he was required to obtain the trial court's permission to appeal. *Monreal*, 99 S.W.3d at 617. Nothing in the record indicates that appellant obtained the trial court's permission to appeal.

Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. All pending motions are dismissed as moot.

Mackey K. Hancock
Justice

Do not publish.