

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00322-CR

JAMES ORTIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 25,132B, Honorable John B. Board, Presiding

September 10, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, James Ortiz, seeks to appeal his conviction for the offense of evading arrest or detention using a vehicle,[1] and plea bargained sentence of twenty years' incarceration in the Texas Department of Criminal Justice, Institutional Division. Because appellant waived his right of appeal, we will dismiss.

An appeal must be dismissed unless a certification showing that the defendant has the right of appeal has been made part of the record. TEX. R. APP. P. 25.2(d). A

---

[1] See TEX. PENAL CODE ANN. § 38.04 (West Supp. 2014).

valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 621 (Tex. Crim. App. 2003).

A defendant in a noncapital case may waive any right secured to him by law, including the right to appeal. TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005); *Monreal,* 99 S.W.3d at 617. A valid waiver which is voluntarily, knowingly, and intelligently made will prevent a defendant from appealing a conviction absent permission from the trial court. *Monreal,* 99 S.W.3d at 617. No attack on a waiver of the right to appeal will be entertained in the absence of factual allegations supporting a claim that the waiver was coerced or involuntary. *Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex. Crim. App. 1978); *Perez v. State,* 885 S.W.2d 568, 570 (Tex. App.—El Paso 1994, no pet.). Merely filing a notice of appeal is insufficient to overcome the prior waiver of appeal. *Perez,* 885 S.W.2d at 570.

Appellant's plea negotiations with the State produced an agreement by which he specifically relinquished his ability to appeal from the trial court's judgment in consideration for the State's recommendation that he serve a twenty year sentence of incarceration. This agreement is evidenced by a document entitled "Defendant's Waiver of Appeal After Sentence or Punishment Has Been Imposed In Accordance with Plea Agreement and Waiver of Appeal Pursuant to the Plea Bargain Agreement With the State." By his signature, appellant acknowledged that he "voluntarily, knowingly, and intelligently waive[ed] my right to appeal" after "being fully aware of the sentence or punishment imposed and of any errors that might have occurred in this cause, and after having been fully informed by the Court of the right to appeal." The State recommended a twenty year sentence, which the judgment reflects was accepted by the trial court.

The trial court noted on the "Trial Court's Certification of Defendant's Right of Appeal" that this was "a plea-bargain case, and the defendant has NO right of appeal," and that "the defendant has waived the right of appeal." Based upon our review of the record, we find that appellant voluntarily, knowingly, and intelligently waived his right of appeal. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Thus, he was required to obtain the trial court's permission to appeal. *Monreal*, 99 S.W.3d at 617. Nothing in the record indicates that appellant obtained the trial court's permission to appeal.

Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. Any pending motions are dismissed as moot.

Per Curiam

Do not publish.