

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-14-00376-CR
07-14-00377-CR

HUMBERTO CLEMENTE GUTIERREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court, Potter County, Texas;
Trial Court Nos. 69,279-A, 69,437-A, Honorable Dan L. Schaap, Presiding

October 28, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Humberto Clemente Gutierrez, seeks to appeal plea bargained orders of deferred adjudication for the offenses of unauthorized use of a motor vehicle,[1] and possession of a controlled substance.[2] According to the terms of the plea bargain, appellant was sentenced to community supervision for five years for the unauthorized use of a motor vehicle charge, and for six years for the possession charge. Further, but

---

[1] See TEX. PENAL CODE ANN. § 31.07 (West 2011).

[2] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010).

still in accordance with the plea bargain agreement, appellant was assessed a $1,000 fine, and $180 in restitution relating to the possession charge. Because appellant waived his right of appeal, we will dismiss.

An appeal must be dismissed unless a certification showing that the defendant has the right of appeal has been made part of the record. TEX. R. APP. P. 25.2(d). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 621 (Tex. Crim. App. 2003).

A defendant in a noncapital case may waive any right secured to him by law, including the right to appeal. TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005); *Monreal,* 99 S.W.3d at 617. A valid waiver which is voluntarily, knowingly, and intelligently made will prevent a defendant from appealing a conviction absent permission from the trial court. *Monreal,* 99 S.W.3d at 617. Merely filing a notice of appeal is insufficient to overcome the prior waiver of appeal. *Perez v. State,* 885 S.W.2d 568, 570 (Tex. App.—El Paso 1994, no pet).

Appellant's plea negotiations with the State produced agreements by which he specifically relinquished his ability to appeal from the trial court's judgments in consideration for the State's recommendation that he be sentenced as he was. These agreements are evidenced by documents entitled "Defendant's Waiver of Appeal after Sentence Has Been Imposed in Accordance with a Plea Bargain Agreement and Waiver of Appeal Pursuant to the Plea Bargain Agreement." By his signature, appellant acknowledged that he "voluntarily, knowingly, and intelligently [gave] up or waive my right to appeal" after "being fully aware of the sentence imposed and of any errors that

might have occurred in this cause, and after having been fully informed by the Court of the right to appeal." The State recommended the sentences reflected by the plea bargain agreements, and the judgments reflect that these recommendations were accepted by the trial court.

The trial court noted on both "Trial Court's Certification of Defendant's Right of Appeal" that these were "plea-bargain case[s], and the defendant has NO right of appeal," and that "the defendant has waived the right of appeal." Based upon our review of the record, we find that appellant voluntarily, knowingly, and intelligently waived his right of appeal. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Thus, he was required to obtain the trial court's permission to appeal. *Monreal*, 99 S.W.3d at 617. Nothing in the record indicates that appellant obtained the trial court's permission to appeal.

Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. Any pending motions are dismissed as moot.

Per Curiam

Do not publish.

3