

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00133-CR

**CLIFTON DELMAR JACKSON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court
Walker County, Texas
Trial Court No. 27251**

## MEMORANDUM OPINION

Appellant, Clifton Delmar Jackson, attempts to appeal from his conviction entered in the 278th District Court in Walker County on April 6, 2016. The trial court's certification of appellant's right of appeal indicates that appellant waived his right to appeal. TEX. R. APP. P. 25.2(d). In addition to the trial court's certification, the following

exchange between appellant and the trial court at the punishment phase of trial is particularly instructive:

> THE COURT: By accepting this plea bargain, and the Court is not bound by the plea bargain; however, I will advise you that the Court is going to honor that recommendation and honor your request, if I'm sure that you understand that in so doing *you give up any right of appeal*. You give up your right to any further jury proceedings and all other constitutional privileges that go along with entering an agreement of that fashion. Do you understand that?
>
> MR. JACKSON: Yes, sir.
>
> THE COURT: Are you asking me to go along with that recommendation?
>
> MR. JACKSON: Yes, I am.

(Emphasis added.)

Based on the foregoing, we hereby dismiss appellant's appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc) ("A court of appeals, while having jurisdiction to ascertain whether an appellant . . . is permitted to appeal . . . must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *Monreal v. State*, 99 S.W.3d 615, 621 (Tex. Crim. App. 2003) (holding that an appellant who has executed a waiver of appeal, whether negotiated or non-negotiated, could not appeal without the permission of the trial court); *see also Perez v. State*, 885 S.W.2d 568, 570 (Tex. App.—El Paso 1994, no pet.) ("Merely filing a notice of appeal is not sufficient to

overcome the prior waiver of appeal." (citing *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978))).

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Opinion delivered and filed November 16, 2016
Do not publish
[CRPM]

